REITLER KAILAS & ROSENBLATT LLC
Brian D. Caplan
Robert W. Clarida
Julie B. Wlodinguer
885 Third Avenue, 20th Floor
New York, NY 10022
Phone: (212) 209-3050
Fax: (212) 371-5500
Emails: bcaplan@reitlerlaw.com
        rclarida@reitlerlaw.com
        jwlodinguer@reitlerlaw.com
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| EDMOND GRANT P/K/A "EDDY GRANT", GREENHEART MUSIC LIMITED, a United Kingdom Limited Company, and GREENHEART MUSIC LIMITED, an Antigua and Barbuda Limited Company, | Case No.  20-cv-7103 |
| Plaintiffs, | **COMPLAINT** |
| -against- | **JURY TRIAL DEMANDED** |
| DONALD J. TRUMP and DONALD J. TRUMP FOR PRESIDENT, INC., | |
| Defendants. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Plaintiffs Edmond Grant p/k/a "Eddy Grant" ("Grant"), Greenheart Music Limited, a

United Kingdom Limited Company ("Greenheart UK"), and Greenheart Music Limited, an

Antigua and Barbuda Limited Company ("Greenheart Antigua", and collectively with Grant and

Greenheart UK, "Plaintiffs"), by their attorneys, Reitler Kailas & Rosenblatt LLC, as and for their

Complaint against defendants Donald J. Trump ("Trump") and Donald J. Trump For President,

Inc. (the "Company" and collectively with Trump, "Defendants") herein, allege as follows:

1

## NATURE OF ACTION

1.      This is a copyright infringement action brought by Plaintiffs against Mr. Trump and the Company to redress Defendants' unauthorized use of Plaintiffs' musical composition and sound recording entitled "Electric Avenue" in a campaign video deriding the Democratic Party's 2020 nominee for President, Former Vice President Joseph Biden, which infringing video was tweeted by Mr. Trump on his personal Twitter account to his more than 85 million followers on August 12, 2020.

2.      Despite Plaintiffs having sent Defendants a letter the very next day objecting to Defendants' infringement and demanding the removal of the infringing video and that Defendants refrain from further infringing Plaintiffs' copyrights, and despite numerous comments on Mr. Trump's August 12, 2020 tweet linking to articles reporting on the infringement, Defendants have continued to willfully and wrongfully infringe Plaintiffs' copyrights.  As of the date of this filing, the infringing video is still available on Twitter.

3.      Defendants' conduct is unlawful; it is proscribed as such by the United States Copyright Act.  Neither the President nor the Company is above the law.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over this action under the copyright laws of the United States, 17 U.S.C. § 101 *et seq*., and 28 U.S.C. §§1331 and 1338.

5.      Upon information and belief, this Court has personal jurisdiction over Mr. Trump as he is a resident of and/or is domiciled in this District.

6.      Upon information and belief, this Court has personal jurisdiction over the Company as it has a regular and established place of business in this District.

7.      The venue of this action is properly laid in the Southern District of New York pursuant to 28 U.S.C. §1400(a).  Venue is also proper in this District pursuant to 28 U.S.C. §1391(b)(3) because each of the Defendants has a regular and established place of business in this District or may be found in this District.

## PARTIES

8.      Plaintiff Grant is an individual residing in Barbados and is a citizen of the United Kingdom.

9.      Mr. Grant wrote, recorded and produced the musical composition and sound recording entitled "Electric Avenue" (the "Composition" and the "Recording", respectively).

10.     Mr. Grant is the sole owner of both Greenheart UK and Greenheart Antigua.

11.     Plaintiff Greenheart UK is a limited company organized and existing under the laws of United Kingdom with a principal place of business located at 1341 High Road, Whetstone, London N20 9HR.

12.     Plaintiff Greenheart Antigua is a limited company organized and existing under the laws of Antigua and Barbuda with a principal place of business located at 39 Market Street, St. John's, Antigua and Barbuda, West Indies.

13.     Mr. Grant assigned all of his rights and interests, including the copyrights, in and to the Composition and the Recording, to Greenheart Antigua in or about 1983.  Such assignment was recently confirmed in ex post facto written assignment agreement between Mr. Grant and Greenheart Antigua.

14.     Greenheart UK is an affiliated company of Greenheart Antigua and acts as the licensing agent for Greenheart Antigua with respect to Mr. Grant's musical works, including, but not limited to, the Composition and Recording.

3

15.     Defendant Donald J. Trump is the 45th President of the United States.

16.     Upon information and belief, Mr. Trump resides in this District and is a citizen of the State of New York.

17.     Upon information and belief, the Company is a corporation organized under the laws of the State of Virginia with its principal place of business located at 725 Fifth Avenue, New York, New York 10022.

18.     At all relevant times, the Company did, and still does, conduct, control, manage and supervise Mr. Trump's campaign to be re-elected as President of the United States in 2020, including, but not limited to, preparing and/or providing campaign materials to Mr. Trump for public dissemination via his personal social media channels.

## PLAINTIFFS' WORKS

19.     Mr. Grant is a musician and songwriter.

20.     Mr. Grant wrote, recorded and produced the Composition and the Recording.

21.     Mr. Grant assigned his copyrights in the Composition and the Recording to Greenheart Antigua in or about 1983, and such assignment was recently confirmed in a written assignment agreement.

22.     The PA copyright in the Composition was registered with the U.S. Copyright Office under registration number PA0000164029.  A true and correct copy of the U.S. Copyright Office's records reflecting the copyright registration of the Composition is annexed hereto as Exhibit A.

23.     Plaintiffs are the beneficial owners of the PA copyright in the Composition.

24.     The copyright in the Composition is currently valid and subsisting.

25.     The Recording, which embodies Grant's musical performance of the Composition, was initially released in 1983, spent five weeks at No. 2 on Billboard Magazine's Top 100 Chart, and was certified platinum by the Recording Industry Association of America.

26.     Greenheart UK was formed in 1997 to act as the licensing arm of Greenheart Antigua with respect to Mr. Grant's musical works, including, but not limited to the Recording.

27.     By written agreement with Warner Music UK Limited ("Warner Music") dated May 3, 2001 (the "Warner Music Agreement"), Greenheart UK licensed the copyrights in the Recording, among other works, to Warner Music for a territory including the United States for a period of five (5) years from the date of the first release of the Recording in the United Kingdom.

28.     The Recording was re-released in 2001 on the album entitled "Eddy Grant: The Greatest Hits" (the "Album").

29.     During the term of the Warner Music Agreement, Warner Music's affiliate, London Records, registered the SR copyright in the Album, which included the Recording, with the U.S. Copyright Office.

30.     The SR copyright in the Album, which includes the Recording, was registered with the U.S. Copyright Office under registration number SR0000344006.  A true and correct copy of the U.S. Copyright Office's records reflecting the copyright registration of the Recording is annexed hereto as Exhibit B.

31.     The Warner Music Agreement expired by its terms and/or terminated no later than September 20, 2006, at which point Greenheart UK became the beneficial owner of the SR copyright registration for the Album and Recording.

32.     At all relevant times, one or more of the Plaintiffs owned and/or was the beneficial owner of the SR copyright in the Recording.

33.     The copyright in the Recording is currently valid and subsisting.

34.     At all times prior to the commencement of this action, Plaintiffs and their respective predecessors and successors in interest have fully complied with the statutory formalities governing copyrights with respect to the Composition and the Recording.

## DEFENDANTS' UNLAWFUL ACTS

35.     On August 12, 2020 at or about 9:35 p.m., Mr. Trump published a tweet (the "Tweet") from his personal Twitter account containing a 55 second video (the "Infringing Video").

36.     The Infringing Video appears to be an endorsement of Mr. Trump's 2020 presidential re-election campaign to "Keep America Great" (aka "KAG").

37.     The Infringing Video is also clearly an attempt to denigrate the Democratic Party's 2020 presidential nominee, Former Vice President Joseph Biden.

38.     The Infringing Video contains a visual depiction of a high-speed red train bearing the words "Trump Pence KAG 2020" in stark contrast to a slow moving handcar bearing the words "Biden President: Your Hair Smells Terrific" being powered by an animated likeness of Former Vice President Biden while out-of-context excerpts of Former Vice President Biden's speeches and interviews are played over Plaintiffs' Recording.

39.     Plaintiffs' Recording, which embodies the Composition, can be heard on the Infringing Video starting at the 15 second mark and continues for the duration of the video.

40.     The Infringing Video therefore makes unauthorized use of the Composition and the Recording and infringes upon Plaintiffs' copyrights in both.

41.     Upon information and belief, the Company provided Mr. Trump with the Infringing Video to post and/or participated in and/or contributed to the creation, production, and distribution of the Infringing Video.

42.     Upon further information and belief, each of the Defendants has financially and politically benefitted from the creation, production, and/or distribution of the Infringing Video.

43.     The Infringing Video has been viewed more than 13.7 million times.

44.     The Tweet containing the Infringing Video has been "liked" more than 350,000 times, re-tweeted more than 139,000 times, and has received close to 50,000 comments.

45.     None of the Plaintiffs, nor any agent on their respective behalves, has licensed any rights in the Composition to either Mr. Trump or the Company, or otherwise consented to Defendants' use of the Composition in connection with the Infringing Video.

46.     None of the Plaintiffs, nor any agent on their respective behalves, has licensed any rights in the Recording to either Mr. Trump or the Company, or otherwise consented to Defendants' use of the Recording in connection with the Infringing Video.

47.     Defendants have infringed and continue to infringe Plaintiffs' copyrights in the Composition and the Recording by creating, producing, distribution, promoting, advertising, performing by means of digital audiovisual transmission, and otherwise commercially exploiting the Infringing Video, and/or authorizing others to do the same, without Plaintiffs' authority or consent, in violation of 17 U.S.C. § 101 *et seq*.

48.     By letter dated August 13, 2020, Plaintiffs, through their counsel, among other things, advised Defendants of Plaintiffs' beneficial copyright ownership in the Composition and the Recording and Defendants' unauthorized uses thereof in connection with the Infringing Video, and demanded that Defendants cease and desist from any further infringing conduct.  A true and correct copy of the August 13, 2020 letter is annexed hereto as Exhibit C.

49.     Moreover, there are numerous comments on Mr. Trump's August 12, 2020 tweet containing the Infringing Video making reference to Mr. Grant, linking to news articles about Mr.

Grant's dismay at discovering Defendants' unlawful infringement, and inquiring as to whether Mr. Trump obtained authorization from Mr. Grant to use his music in connection with the Infringing Video.

50.     As of the date of the filing of this Complaint, neither the Infringing Video nor the Tweet containing the Infringing Video has been removed from Twitter.

51.     Defendants have failed and/or refused to comply with Plaintiffs' demands set forth in the August 13, 2020 letter, have continued to infringe Plaintiffs' copyrights in the Composition and the Recording, and, upon information and belief, will continue to infringe Plaintiffs' copyrights in the Composition and the Recording unless enjoined by this Court.

52.     Defendants' actions with respect to the Infringing Video are wrongful and willful.

53.     Plaintiffs have no adequate remedy at law.

## COUNT I

## COPYRIGHT INFRINGEMENT

54.     Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 53 above as if fully set forth herein.

55.     Plaintiffs are the beneficial owners of a valid and subsisting copyright in the Composition.

56.     All of Defendants' acts and omissions set forth above were performed without the permission, license, authority or consent of Plaintiffs.

57.     Defendants' acts and omissions set forth above constitute acts of copyright infringement by Defendants of Plaintiffs' copyright in the Composition.

58.     Defendants' infringements are willful and intentional inasmuch as Defendants were or should have been aware, and had reason to believe, that their acts constituted infringements of Plaintiffs' copyright in the Composition.

59.     As a result of the willful and intentional conduct hereinabove set forth, Plaintiffs are entitled to a permanent injunction prohibiting any further publication, distribution, electronic transmission or other commercial exploitation of the Infringing Video or any other work which infringes upon the Composition.

60.     By reason of the foregoing, Plaintiffs have been damaged in an amount to be determined at trial.

61.     Plaintiffs have suffered and will continue to suffer irreparable harm and injury as a result of the aforesaid infringing acts of Defendants.

62.     Plaintiffs have no adequate remedy of law.

## COUNT II

## COPYRIGHT INFRINGEMENT

63.     Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 62 above as if fully set forth herein.

64.     Plaintiffs are the beneficial owners of a valid and subsisting copyright in the Recording.

65.     All of Defendants' acts and omissions set forth above were performed without the permission, license, authority or consent of Plaintiffs.

66.     Defendants' acts and omissions set forth above constitute acts of copyright infringement by Defendants of Plaintiffs' copyright in the Recording.

67.      Defendants' infringements are willful and intentional inasmuch as Defendants were or should have been aware, and had reason to believe, that their acts constituted infringements of Plaintiffs' copyright in the Recording.

68.      As a result of the willful and intentional conduct hereinabove set forth, Plaintiffs are entitled to a permanent injunction prohibiting any further publication, distribution, electronic transmission or other commercial exploitation of the Infringing Video or any other work which infringes upon the Recording.

69.      By reason of the foregoing, Plaintiffs have been damaged in an amount to be determined at trial.

70.      Plaintiffs have suffered and will continue to suffer irreparable harm and injury as a result of the aforesaid infringing acts of Defendants.

71.      Plaintiffs have no adequate remedy of law.

WHEREFORE, Plaintiffs demand judgment against Defendants as follows:

A.      That Defendants, jointly and severally, be required to pay Plaintiffs such actual damages as Plaintiffs have sustained in consequence of Defendants' infringements of Plaintiffs' copyrights, and to account for and pay to Plaintiffs all gains, profits and advantages derived by Defendants from their infringements of Plaintiffs' copyrights pursuant to 17 U.S.C. § 504, in an amount to be proven at trial, or such statutory damages as to the Court shall appear just as specified in 17 U.S.C. §504(c)(1), that is not more than One Hundred Fifty Thousand Dollars ($150,000.00) nor less than Seven Hundred and Fifty Dollars ($750.00) for each infringement;

B.      That Defendants, their officers, agents and employees, and all persons acting in concert or participation with them, be enjoined both during the pendency of this action and

permanently thereafter from copying, reproducing, distributing, publishing, electronically

transmitting, or otherwise commercially exploiting the Infringing Video and/or any derivative

work thereof without authorization from Plaintiffs, or otherwise infringing Plaintiffs' copyrights

in any manner, and from permitting, authorizing or causing others to do so;

C.      That Defendants be required to deliver up to be impounded and destroyed all copies

of the Infringing Video and/or any derivative work thereof in Defendants' custody or control;

D.      Awarding Plaintiffs their costs and disbursements incurred in prosecuting this

action, including, but not limited to, their reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

and

E.      Such other and further relief as this Court deems just and proper.

Dated: September 1, 2020

REITLER KAILAS & ROSENBLATT, LLC
Attorneys for Plaintiffs


By: /s/ Brian D. Caplan
    Brian D. Caplan
    Robert W. Clarida
    Julie B. Wlodinguer
885 Third Avenue, 20th Floor
New York, NY 10022
Phone: (212) 209-3050
Fax: (212) 371-5500
bcaplan@reitlerlaw.com
rclarida@reitlerlaw.com
jwlodinguer@reitlerlaw.com