UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| EDMOND GRANT ET AL. | x |
| Plaintiffs, | : Civil Action No.: 1:20-cv-07103-JGK |
| v. | : |
| DONALD J. TRUMP, ET AL. | : |
| Defendants. | : |
| | x |

---

**PROPOSED CASE MANAGEMENT PLAN AND REPORT OF RULE 26(f) MEETING**

**Proposed Discovery Plan**

In accordance with Federal Rule of Civil Procedure 26(f), the parties met on **October 28, 2021** (at least one week before the Initial Case Management Conference) and submit the following report for the Court's consideration:

1. **Summary of Claims, Defenses, and Relevant Issues**

    **Plaintiff:** Plaintiffs are the owners of a registered copyright in a musical composition entitled "Electric Avenue" (the "Composition"). Defendants have distributed, displayed and publicly performed an animated video ("Infringing Video") that incorporates a significant portion of the Composition without authorization, including on Twitter. The Defendants moved to dismiss on grounds of fair use. On September 28, 2021, this Court denied Defendants' motion (ECF 48), finding that "the creator of the video here made a wholesale copy of a substantial portion of Grant's music in order to make the video more entertaining. The video did not parody the music or transform it in any way." (Id. at 21).

    **Defendants:** Defendant Donald J. Trump ("Mr. Trump") served as the 45th President of the United States and Defendant Donald J. Trump for President, Inc. (the "Company")

1

was involved in Mr. Trump's reelection campaign in 2020. Plaintiff's allegations of copyright infringement are based on a tweet published on Mr. Trump's Twitter account on August 12, 2020 (the "Tweet"). The Tweet contained an animated video that featured a caricature of then-Presidential candidate Joe Biden ("Mr. Biden") and included a short segment of Plaintiffs' musical composition and sound recording entitled "Electric Avenue" (the "Song"), which was overlayed with excerpts of Mr. Biden's voice (the "Animation"). The Animation was created by a third-party and unsolicited by Defendants. The Animation was removed from Mr. Trump's former Twitter account in or around September 2020.

Defendants have denied Plaintiffs' allegations and contend that they have not infringed Plaintiffs' copyrights, either directly or indirectly, through the retweeting of the Animation on Twitter. Further, Defendants contend the Animation was a fair use under 17 U.S.C. § 107. Further, Plaintiffs will be unable to establish actual damages as a result of the alleged infringement. Defendants believe the case can be disposed of summarily after fact discovery is completed.

2. **Basis of Subject Matter Jurisdiction:**

Federal Question pursuant to 28 U.S.C. §§1331, 1338.

3. **Subjects on Which Discovery May Be Needed**

**Plaintiffs:** Plaintiffs will seek discovery on at least the following issues: Use of the Composition and the Infringing Video by Defendants, including the distribution of the video through Twitter and other media; documents concerning the number of followers on Defendants' Twitter accounts and the responses received by Defendants in connection with the Infringing Video; Defendants' knowledge concerning the creation of the

2

Infringing Video; Defendants' communications with the creator of the Infringing Video; Defendants' asserted affirmative defenses.

**Defendants:** Defendants will seek discovery regarding the third-party creation of the Animation; the lyrics and composition of the Song; prior licensing or other contracts or agreements regarding the use of the Song; Plaintiffs' enforcement of their copyrights; and Plaintiffs' alleged damages resulting from the Tweet.

4.  **Initial Disclosures**

    The information required by Rule 26(a)(1) of the Federal Rules of Civil Procedure will be exchanged not later than **November 12, 2021**. In addition, Plaintiffs and Defendants will produce an initial set of relevant documents identified in their respective Initial Disclosures and will continue to supplement that production.

5.  **Formal Discovery**

    The parties jointly propose to the Court the following discovery plan: All fact discovery must be completed by ~~April 22, 2021~~. *April 22, 2022*   JGK

    *The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the parties on consent without application to the Court, provided that the parties meet the deadline for completing fact discovery set forth in 3(a) above.*

    a.  Depositions: Depositions shall commence within **three months** after submission of the Court's Order. Absent an agreement between the parties or an order from the Court, non-party depositions shall follow initial party depositions.

    b.  Interrogatories: Initial interrogatories must be served no later than **30 days** after

3

submission of the Court's Order.

c.   Requests for Admission: Initial requests for admission must be served no later than **30 days** after submission of the Court's Order.

d.   Requests for Production: Initial requests for production must be served no later no later than **30 days** after submission of the Court's Order.

e.   Supplementation: Supplementations under Rule 26(e) must be made within a reasonable period of time after discovery of such information.

6.  **Anticipated Discovery Disputes**

- Are there any anticipated discovery disputes?
    - **Plaintiffs:** Counsel for Defendant Donald J. Trump are unable to confirm that he will appear for a deposition.
    - **Defendants:** At the parties' Rule 26(f) conference, Defendants' counsel stated that it would consider Plaintiffs' request for Mr. Trump's deposition once the parties have had an opportunity to seek and exchange discovery. The Animation was created by a third-party entity without the involvement or solicitation of Defendants. Mr. Trump may not have any knowledge regarding the creation and/or posting of the Animation.
- Does either party seek limitations on discovery? **None.** The parties do not believe at this time that any changes should be made to the limitations on discovery set forth in the Federal Rules of Civil Procedure or the Local Rules of the Southern District of New York.

7.  **Amendments to Pleadings**

a.   Are there any amendments to pleadings anticipated? **No**

4

b.  Last date to amend the Complaint: **30 days after each party's receipt of the other party's initial document production**.

8. **Joinder of Parties**

    a.  Are there other necessary parties that need to be joined? **No**

    b.  Is joinder of other parties anticipated? **No**

    c.  Last date to join other parties: **30 days after each party's receipt of the other party's initial document production**.

9. **Expert Witness Disclosures**

    At this time, the parties **do not** anticipate utilizing experts. Expert discovery shall be completed by ~~90~~ 60 **days after the close of fact discovery.**

    [handwritten margin: JK/K]

10. **Electronic Discovery and Preservation of Documents and Information**

    a.  Have the parties discussed electronic discovery? **The parties have discussed the preservation and production of electronically stored information ("ESI") and have agreed to preserve evidence as required by applicable law. The parties further believe that a Protective Order regarding confidential information will be necessary, and they will meet and confer regarding the terms for such a Protective Order and present a proposed Joint Protective Order to the Court.**

    b.  Is there an electronic discovery protocol in place? **No**
    If not, when the parties except to have one in place? **Within 14 days of the submission of the Court's Order.**

    c.  Are there issues the parties would like to address concerning preservation of evidence and/or electronic discovery at the Initial Case Management Conference?

5

**No.**

11. **Anticipated Motions**

    **Plaintiffs and Defendants both anticipate moving for summary judgment.**

12. **Early Settlement or Resolution**

    a. The parties **have not** discussed the possibility of settlement, but have begun the process of assembling information for that purpose. The parties request a settlement conference **within 30 days of the submission of the Court's Order.** The following information is needed before settlement can be discussed:

    **Defendants:** Defendants have requested information regarding Plaintiffs' prior licensing of the Song or Composition.

13. **Trial**

    a. The parties anticipate that the trial of this case will require **1-2** days.

    b. Plaintiffs request a **jury** trial.

    c. The parties **do not consent** to Magistrate Judge jurisdiction at this time.

14. **Other Matters**

    **None.**

Respectfully submitted this 2nd day of November, 2021.

| PEROFF SAUNDERS P.C. | REITLER KAILAS & ROSENBLATT LLP |
|---|---|
| By: /Darren W. Saunders/<br>Darren W. Saunders<br>dsaunders@peroffsaunders.com<br>Cassandra M. Tam<br>cassandra.tam@peroffsaunders.com<br>745 Fifth Avenue, Suite 500<br>New York, New York 10151<br>(646) 898-2030<br><br>MUKASEY FRENCHMAN &<br>SKLAROFF LLP | By: /Brian D. Caplan/<br>Brian D. Caplan<br>Robert W. Clarida<br>885 Third Avenue, 20th Floor<br>New York, NY 10022<br>(212) 209-3050 (Telephone)<br>(212) 371-5500 (Fax)<br>bcaplan@reitlerlaw.com<br>rclarida@reitlerlaw.com |

6

Kenneth Andrew Caruso                    *Attorneys for Plaintiffs*
ken.caruso@mfsllp.com
2 Grand Central Tower
140 East 45th Street, 17th Floor
New York, NY 10017
Tel: 212.466.6400

*Attorneys for Defendants*

Dispositive motion deadline is July 22, 2022.

Joint Pre-Trial Order due August 12, 2022, or 21 days after decision of any dispositive motion.

Ready-Trial, 48 hours notice, 14 days after submission of Joint Pre-Trial Order.

So ordered

JGKoeltl
U.S.D.J.

11/3/21