UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EDMOND GRANT P/K/A "EDDY GRANT", GREENHEART MUSIC LIMITED, a United Kingdom Limited Company, and GREENHEART MUSIC LIMITED, an Antigua and Barbuda Limited Company,<br><br>　　　　　　　　　　　Plaintiffs,<br><br>　　　　-against-<br><br>DONALD J. TRUMP and DONALD J. TRUMP FOR PRESIDENT, INC.,<br><br>　　　　　　　　　　　Defendants. | Civil Action No. 1:20-cv-07103-JGK |

**DEFENDANTS DONALD J. TRUMP AND DONALD J. TRUMP
FOR PRESIDENT, INC'S
MEMORANDUM OF LAW IN SUPPORT OF ITS
MOTION FOR PARTIAL SUMMARY JUDGMENT**

Mark I. Peroff
mark.peroff@peroffsaunders.com
Jason H. Kasner
jkasner@peroffsaunders.com
PEROFF SAUNDERS P.C.
745 5th Avenue | Suite 500
New York, NY 10151
Tel: 646.898.2030

*Attorneys for Defendants
Donald J. Trump and Donald J. Trump for
President, Inc.*

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT …………………………………………………………………..1

STATEMENT OF FACTS……………………………………………………………………….2

    The Song and the Registrations …………………………………………………………2

    The Tweet and Animated Video………………………………….…………………...4

    Procedural History……………………………………………………………………...5

ARGUMENT…………………………………………………………………………………...5

SUMMARY JUDGMENT SHOULD BE GRANTED AS TO
COUNT II OF THE COMPLAINT BECAUSE THERE IS
NO ISSUE OF MATERIAL FACT THAT PLAINTIFFS DO NOT
OWN A COPYRIGHT REGISTRATION FOR THE SOUND RECORDING
OF ELECTRIC AVENUE………………………………………………………………….6

CONCLUSION……………………………………………………………………………..12

**TABLE OF AUTHORITIES**

**Cases**                                                                                                                                                             **Pages**

*Anderson v. Liberty Lobby, Inc.*,
    477 U.S. 242, 252 (1986)……………………………………………………………..6

*Architects, P.C. v. Winmar Homes*,
    No. 05-CV-711, 2007 WL 708798 (E.D.N.Y. Mar. 6, 2007)……………………...…7

*CCC Information Servs., Inc. v. Maclean Hunter Market Reports, Inc.*,
    44 F.3d 61, 66 (2d Cir. 1994) ……………………………………………………….....8

*Celotex Corp. v. Catrett*,
    477 U.S. 317, 325 (1986)……………………………………………....……...…….5, 6

*CILP Assocs., L.P. v. Pricewaterhouse Coopers LLP*,
    735 F.3d 114, 123 (2d Cir. 2013)…………………………………………………..6

*EMI Christian Music Grp., Inc. v. MP3tunes, LLC*,
    844 F.3d 79, 97 (2d Cir. 2016)……………………………………………………..7

*Feist Pubs., Inc. v. Rural Telephone Service Co.*,
    499 U.S. 340, 348 (1991)……………………………………………….…......8

*Fourth Estate Public Benefit Corp. v. Wall-Street.com, LLC*,
    586 U.S. --, 139 S. Ct. 881, 887 (2019)………………………..……………6

*ID Tech LLC v. Toggle Web Media LLC*,
    20-CV-5949, 2023 WL 2613625, at *5 (E.D.N.Y. Mar. 23, 2023)……………………...7

*Malaco Inc. v. Cooper*,
    No. CIV.A. 300CV2648P, 2002 WL 1461927, at *3 (N.D. Tex. July 3, 2002)………..10

*Morris v. Business Concepts, Inc.*,
    259 F.3d 65, 71-72 (2d Cir. 2001)…………………………………………………….6

*Niagara Mohawk Power Corp. v. Jones Chemical Inc.*,
    315 F.3d 171, 175 (2d Cir. 2003)………………………….………………...………..6

*Ocasio v. Alfanno*,
    592 F. Supp. 2d 242, 245 (D. P.R. 2008)…………………….……………………10

*Reed Elsevier, Inc. v. Muchnick*,
    559 U.S. 154 (2010)………………………………………..………………..6

*Repp v. Webber*,
      132 F.3d 882, 890 (2d Cir. 1997)………………………………………………………….......5

*Sohm v. Scholastic Inc.*,
      959 F.3d 39, 53 (2d Cir. 2020)………………………………………………………….…..6

*Sylvestre v. Oswald*,
      No. 91 CIV. 5060, 1993 WL 179101, at *2 (S.D.N.Y. May 18, 1993)…….………….....10

*Szabo v. Erisson*,
      68 F.3d 940 (5th Cir. 1995)……………………………………………………………........10

*Tardif v. City of N.Y.*, 6
      991 F.3d 394, 403 (2d Cir. 2021)……………………………………………….………....5

*Vivenzio v. City of Syracuse*,
      611 F.3d 98, 106 (2d Cir. 2010)……………………………………………...………....5

*Ward v. Barnes & Noble, Inc.*,
      93 F. Supp. 3d 193, 204 (S.D.N.Y. 2015)…………………………………………….....7

**Statutes and Rules**

17 U.S.C. § 101……………………………………………………………………….....8, 9, 11

17 U.S.C. § 103(a)………………………………………………………………………..……...9

17 U.S.C. § 103(b)………………………………………………………………………....8, 10

17 U.S.C. § 411(a)…………………………………………………………….………………...6

Fed. R. Civ. P. 56(a)(1)……………………………………………………………………….....5

**Secondary Sources**

Compendium of U.S. Copyright Office Practices (3d. Ed.) § 508.2…………………………..8, 9

Compendium of U.S. Copyright Office Practices (3d. Ed.) § 509……………………………….9

Compendium of U.S. Copyright Office Practices (3d. Ed.) § 509.1……………………….…..10

Compendium of U.S. Copyright Office Practices (3d. Ed.) § 618.3………………..……….7

Compendium of U.S. Copyright Office Practices (3d. Ed.) § 621.4…………………...…….9

iii

2 Patry on Copyright §3:64……………………………………………………………...….……….9

5 Patry on Copyright §17.91………………………………………………...………………….…..10

US Copyright Circular 56 "Copyright Registrations for Sound Recordings"…………..….…....11

US Copyright Circular 56A "Copyright Registrations
    of Musical Compositions and Sound Recordings"…………………….…..……………....2

Defendants Donald J. Trump ("Trump") and Donald J. Trump For President, Inc. (collectively, "Defendants") respectfully submit this memorandum of law in support of their motion for partial summary judgment that seeks dismissal of Count II of the Complaint of plaintiffs Edmond Grant p/k/a "Eddy Grant" ("Grant"), Greenheart Music Limited, a United Kingdom Limited Company and Greenheart Music Limited, an Antigua and Barbuda Limited Company (collectively, "Plaintiffs").

## PRELIMINARY STATEMENT

Plaintiffs allege that a tweet sent by Trump during his 2020 campaign for reelection that included an animated video that was provided to Defendants by a third-party infringed two copyrights (a sound recording and composition) because it used, as background music, approximately 40 seconds of the song "Electric Avenue." There can be no material dispute, however, that Plaintiffs only plead a copyright registration covering the composition (*i.e.*, the written music and lyrics) of Electric Avenue, registered at around the time of its publication in 1983. Plaintiffs nevertheless claim that they own a valid copyright registration covering the sound recording (*i.e.*, the fixation of a series of musical and spoken sounds to a "phonorecord") of Electric Avenue by virtue a copyright registration for a "greatest hits" album (which they described to the Copyright Office as a "compilation") that contains the song Electric Avenue. Federal courts and the Copyright Office have made clear that registration of a compilation does not cover the constituent parts contained therein, with a very narrow exception for constituent parts that were previously unpublished at the time of registration. Because Electric Avenue was indisputably published long before the registration that Plaintiffs assert covers its sound recording, Plaintiffs failed to plead and produce a valid copyright registration for the sound recording of Electric Avenue. Therefore, their claim for infringement of the Electric Avenue sound recording (Count

1

II of their Complaint) must be summarily dismissed, as it is axiomatic that Plaintiff own and plead a valid copyright registration covering the alleged infringed work is a prerequisite for maintenance of a federal copyright infringement action.

## STATEMENT OF FACTS

**The Song and the Registrations**

Plaintiffs allege that Grant wrote, recorded and produced the 3-minute-48 second song entitled "Electric Avenue" (sometimes referred to hereafter as the "Song"). (Dkt. 1, Compl. ¶ 9). According to a document entitled "Confirmatory Assignment of RIGHTS UNDER COPYRIGHT," dated August 29, 2020 and signed by Grant (the "Confirmatory Assignment"), Grant composed a musical composition of the Song in or about 1983 (the "Composition"). (Declaration of Jason Kasner ("Kasner Decl.") ¶ 2, Ex. A).  According to the Confirmatory Assignment, Grant also "produced and performed" a sound recording of the Composition in or about 1983 (the "Sound Recording"). (*Id.*)  The Sound Recording was released to the public in the United States in or about 1983. (Dkt. 1, Complaint ¶ 25).[1]

---

[1] For a musical work such as the Song, a "composition" copyright consists of the written lyrics and written music, and a "sound recording" copyright consists of the fixation of a series of sounds on a "phonorecord" (*e.g.*, mp3, compact disc, or vinyl record). Thus, "[a] registration for a musical composition covers the music and lyrics (if any) embodied in that composition, but it does not cover a recorded performance of that composition," the latter of which is covered by a sound recording registration.  Copyright Office, Copyright Registration of Musical Compositions and Sound Recordings, Copyright Circular 56A at 1-2 (Kasner Decl. ¶ 10, Ex. I).

2

The Composition was registered in the United States Copyright Office (the "Copyright Office") on or about February 2, 1983 under Registration Number PA0000164029 (the "PA Registration"). (Kasner Decl. ¶ 2, Ex. B; *see also* Dkt. No. 1, Compl. ¶ 22, Ex. A). However, Plaintiffs have not produced copyright registration certificates or any records from the Copyright Office indicating that the Sound Recording itself was ever registered.[2] Rather, Plaintiffs rely on a copyright registration for the compilation work "Eddy Grant: the greatest hits" (hereafter, "Grant Greatest Hits") under registration number SR000344006 (the "SR Registration"). (Kasner Decl. ¶ 3, Ex. B; *see also* Dkt. No. 1, Compl. ¶ 22, Ex. A). The records Plaintiffs produced from the Copyright Office clearly show that the basis of the claim for copyrighted material covered by the SR Registration was: "New Matter: compilation of recordings, remixed sounds & photography." (*Id.*) Similarly, under the field "Authorship on Application," the SR Registration lists "compilation of recordings, artwork: Greenheart Must, Ltd., employer for fire." (*Id.*) Further, the works excluded from the Compilation Registration designated under "Previous Registration" state: "Recordings preexisting" which clearly includes the previously published sound recording for the Song. (*Id.*) When asked to identify the factual and legal basis for any contention that SR Registration covers the sound recording of Electric Avenue, Plaintiffs, after lodging various objections, Plaintiffs provided the following vague and unresponsive reply:

---

[2] In fact, Plaintiffs have neither produced a copy of any copyright registration certificates, nor have they produced any information regarding the prosecution of the registration, or any deposit materials submitted in connection with any of their purported registration. Rather, Plaintiffs rely solely on printouts from the U.S. Copyright Office database as evidence of the registrations they allege apply to the Song. (*See* Kasner Decl. ¶ 6, Ex. E at No. 41).

3

Greenheart Antigua is the beneficial copyright owner of the copyright in the Recording. The US Copyright Registration No. SR0000344006 covers the sound recording contained on the compilation album Eddy Grant: the greatest hits. The Recording is contained on the album. London Records, the foreign subsidiary of Warner Music UK Limited ("Warner"), pursuant to the May 3, 2011 letter agreement between Warner and Greenheart UK, the licensing arm of Greenheart Antigua (the "Agreement"), registered the subject SR copyright registration, which reverted back to Greenheart Antigua on the expiration of the Agreement. [Kasner Decl. ¶ 5, Ex. D at No. 16].

**The Tweet and Animated Video**

Plaintiffs assert that on August 12, 2020, President Trump published a tweet (the "Tweet") from his personal Twitter account. The Tweet contained a 55-second animated video (the "Animation"), which included the alleged unauthorized use of 40 seconds of the Song which played in the background of the Animation. (Dkt. 1, Compl. ¶¶ 35, 38-40). Plaintiffs have characterized the Animation as "a campaign video deriding the Democratic Party's 2020 nominee for President, Former Vice President Joseph Biden" and as "clearly an attempt to denigrate the Democratic Party's 2020 presidential nominee, Former Vice President Joseph Biden." Plaintiffs also asserted that the Animation "appears to be an endorsement of [President] Trump's 2020 presidential re-election campaign to 'Keep America Great' (aka 'KAG')." (Id. ¶¶ 1, 36-37). The Animation was provided to Defendants by an unaffiliated third-party.

On or about August 13, 2020, Grant's counsel, Wallace E.J. Collins, III, Esq. sent a takedown notice to Twitter demanding that the Tweet be removed. (Kasner Decl. ¶ 7, Ex. F at ¶ 4). Twitter eventually complied with the demand and removed the Tweet on or about September 1, 2020. (Kasner Decl. ¶ 8, Ex. G).

Mr. Collins claimed that, on the same day he sent the takedown notice to Twitter, he mailed a cease-and-desist letter to Defendants at an address (or addresses) he found on the internet. (Kasner

4

Decl. ¶ 6, Ex. F at ¶¶ 5-8). Mr. Collins admitted that he did not use any tracking or verification delivery method for the cease-and-desist letter. (*Id.*)

**Procedural History**

On or about September 1, 2020, Plaintiffs filed a Complaint that asserted two claims of copyright infringement against both Defendants: (1) copyright infringement of the musical composition of the Song; and (2) copyright infringement of the sound recording of the Song. Attached to the Complaint were what Plaintiffs claimed were printouts of records from the U.S. Copyright Office that evidenced the registration of the copyrights for both the sound recording and composition of the Song. (*See* Dkt. 1, Compl. ¶¶ 54-71, Exs. A & B).

Defendants moved to dismiss the Complaint in its entirety on the grounds that use of the Song in the Animation was a fair use, as a matter of law. (*See* Dkt. 18). By Opinion and Order dated September 28, 2021, the Court denied the motion. (Dkt. 48).

## ARGUMENT

Fed. R. Civ. P. 56(a)(1) provides that "[t]he court shall grant summary judgment if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The movant bears the initial burden of demonstrating the absence of an issue of material fact and entitlement to judgment as a matter of law. *Vivenzio v. City of Syracuse*, 611 F.3d 98, 106 (2d Cir. 2010). Because Plaintiffs bear the burden of proof at trial to establish their infringement claims, *Repp v. Webber*, 132 F.3d 882, 890 (2d Cir. 1997), Defendants' "initial burden at summary judgment can be met by pointing to a lack of evidence supporting the non-movant's claim." *Tardif v. City of N.Y.*, 991 F.3d 394, 403 (2d Cir. 2021) (citation omitted). That is, Defendants, as the movants, are not required "to produce evidence showing the absence of a genuine issue of material fact," but rather "that there is an absence of

evidence supporting the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The non-movant, while receiving the benefit of all favorable inferences, then must point to evidence, in admissible form, demonstrating the existence of a genuine issue of material fact. *CILP Assocs., L.P. v. Pricewaterhouse Coopers LLP*, 735 F.3d 114, 123 (2d Cir. 2013). But a mere "scintilla of evidence" in the nonmovant's favor does not create a genuine issue of fact, and the non-movant may not rest on speculation and conjecture in opposing a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986); *Niagara Mohawk Power Corp. v. Jones Chemical Inc.*, 315 F.3d 171, 175 (2d Cir. 2003). In deciding the motion, the Court should be guided by the Supreme Court's pronouncement that "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy and inexpensive determination of every action." *Celotex Corp.*, 477 U.S. at 327.

### SUMMARY JUDGMENT SHOULD BE GRANTED AS TO COUNT II OF THE COMPLAINT BECAUSE THERE IS NO ISSUE OF MATERIAL FACT THAT PLAINTIFFS DO NOT OWN A COPYRIGHT REGISTRATION FOR THE SOUND RECORDING OF ELECTRIC AVENUE

17 U.S.C. § 411(a) provides that "no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with [the Copyright Act]." As the Supreme Court has observed, "although an owner's right exists apart from registration, registration is akin to an administrative exhaustion requirement that the owner must satisfy before suing to enforce ownership rights." *Fourth Estate Public Benefit Corp. v. Wall-Street.com, LLC*, 586 U.S. --, 139 S. Ct. 881, 887 (2019) (citations omitted). Thus, "without a valid copyright registration, a plaintiff cannot bring a viable copyright infringement action." *Sohm v. Scholastic Inc.*, 959 F.3d 39, 53 (2d Cir. 2020).

6

In determining whether a registration covers an allegedly infringed work, courts look to the scope of the registration. *See Morris v. Business Concepts, Inc.*, 259 F.3d 65, 71-72 (2d Cir. 2001), *abrogated on other grounds by Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154 (2010). As a general matter, "'the nature of the authorship determines the scope of the registration.'" *Ward v. Barnes & Noble, Inc.*, 93 F. Supp. 3d 193, 204 (S.D.N.Y. 2015) (quoting *Axelrod & Cherveny Architects, P.C. v. Winmar Homes*, No. 05-CV-711, 2007 WL 708798 (E.D.N.Y. Mar. 6, 2007)). The United States Copyright Office's *Compendium of U.S. Copyright Office Practices* (the "*Compendium*") instructs that the nature of the authorship is "defined by the information provided in the Author Created field . . . or in the Nature of Authorship space." *See ID Tech LLC v. Toggle Web Media LLC*, 20-CV-5949, 2023 WL 2613625, at *5 (E.D.N.Y. Mar. 23, 2023) (citing *Compendium* § 618.3).[3]

As described above, Plaintiffs' putative proof of registration for the Sound Recording is the SR Registration, which was for the work "Eddy Grant: the greatest hits," for which the "Authorship" field lists "compilation of recordings, artwork: Greenheart Music, Ltd., employer for hire." (Kasner Decl. ¶ 4, Ex. C; *see also* Dkt. 1, Compl. ¶ 30, Ex. B). The Basis of Claim field

---

[3] Courts have held that *Compendium* and Copyright Office "Circulars," along with other materials and interpretations from the U.S. Copyright Office are, at the very least, persuasive authorities when interpreting the copyright act and when a registration covers a particular work, and therefore are entitled to deference. *See, e.g.*, *EMI Christian Music Grp., Inc. v. MP3tunes, LLC,* 844 F.3d 79, 97 (2d Cir. 2016) ("The Copyright Office's interpretations of the Copyright Act are entitled to some deference insofar as we deem them to be persuasive."). Excerpts from the *Compendium* cited herein are annexed as Exhibit H to the Kasner Declaration.

states that the registered work is "New Matter: compilation of recordings, remixed sounds, & photography." (*Id.*)  Indeed, under the field "Previous Registration" the SR Registration states "[r]ecordings preexisting."  Because, as discussed below, the registration of a "compilation" does not extend to its previously published constituent parts, the Compilation Registration does not cover the sound recording of Electric Avenue, requiring summary dismissal of Count II of the Complaint.

Specifically, 17 U.S.C. § 101 defines a "compilation" as "a work formed by the collection and assembling of preexisting materials or of data that are selected, coordinated, or arranged in such a way that the resulting work as a whole constitutes an original work of authorship."  17 U.S.C. § 103(b) recognizes that while a copyright can include compilations, such a copyright "extends only to the material contributed by the author of such work, as distinguished from the preexisting material employed in the work" and "does not affect or enlarge the scope, duration, ownership, or subsistence of, any copyright protection in the preexisting material."  As the Supreme Court has explained, a compilation "meets the constitutional minimum for copyright protection if it features an original selection or arrangement." *Feist Pubs., Inc. v. Rural Telephone Service Co.*, 499 U.S. 340, 348 (1991) (citation omitted).  Importantly, the materials "set forth in the compilation are not protected and may be freely copied; the protection extends only to those aspects of the compilation that embody the original creation of the compiler." *CCC Information Servs., Inc. v. Maclean Hunter Market Reports, Inc.*, 44 F.3d 61, 66 (2d Cir. 1994).  Accordingly, to the extent the Court takes Plaintiffs at their word that the registration that they allege covers the Sound Recording is a "compilation," that registration extends only to the selection and arrangement of the "preexisting materials" contained therein, and not the "preexisting materials" themselves.

The *Compendium* reflects this framework, explaining that "a registration for a compilation does not cover any previously published material . . . ." *Compendium* § 508.2. Thus, the Copyright Office instructs registrants: "[w]hen registering a compilation, the applicant should identify the preexisting material or data that the author selected, coordinated, and/or arranged. If the compilation contains an appreciable amount of previously published material . . . the applicant should generally limit the claim to the new material that the author contributed to the work *and the unclaimable material should be excluded from the claim*." *Id.* (emphasis added). The *Compendium* explains that previously published material should be disclaimed from an application for "several reasons," which include allowing one to determine whether: "the certificate of registration is entitled to certain legal presumptions," "the copyright owner is entitled to certain legal remedies in an infringement dispute," and an alleged "infringer may rely on certain defenses in an infringement dispute." *Id.* § 621.4.

Defendants anticipate that Plaintiffs will argue that the SR Registration is, in reality, a registration of a "collective work" notwithstanding the fact that the registration itself does not contain that description. Specifically, 17 U.S.C. § 101 defines a "collective work" to be a "work, such as a periodical issue, anthology, or encyclopedia, in which a number of contributions, constituting separate and independent works in themselves, are assembled into a collective whole." While the Copyright Act provides that "[t]he term 'compilation' includes 'collective works,'" 17 U.S.C. § 103(a), as one commentary observes, collective works are ultimately "distinguished from other types of compilations by the requirement that the individual elements forming the collective work must 'constitut[e] separate and independent works in themselves.'" 2 Patry on Copyright § 3:64. Thus, the Copyright Office provides guidance to registrants on registering qualifying works

9

as "collective works" as distinguished from "compilations." *Compare Compendium* § 508 *with* § 509.

Several courts have held that a registration of a collective work (sometimes referred to as a "collection") also covers its constituent parts, so long as the registrant also holds the copyright to the latter. *See* 5 Patry on Copyright § 17:91. For example, a registration of a music album as a collective work will also cover the individual songs contained therein so long as the registrant also holds the copyright in the songs. *See Sylvestre v. Oswald*, No. 91 CIV. 5060, 1993 WL 179101, at *2 (S.D.N.Y. May 18, 1993). Importantly, however, in order for the constituent parts to be covered by the registration of the larger whole, the constituent parts must have been *unpublished* at the time of the registration of the collective work. *See Malaco Inc. v. Cooper*, No. CIV.A. 300CV2648P, 2002 WL 1461927, at *3 (N.D. Tex. July 3, 2002) ("Any song contained within a[] [registered] album is protected under copyright if (1) the album is copyrighted, and (2) the songs are not published prior to the album's copyright") (citing *Szabo v. Erisson*, 68 F.3d 940 (5th Cir. 1995)); *Ocasio v. Alfanno*, 592 F. Supp. 2d 242, 245 (D. P.R. 2008) ("Here, the collection is comprised of previously unpublished, original works by the same author, registered under a single title for reasons of convenience as allowed by the applicable regulations."); *Sylvestre*, 1993 WL 179101, at *2 (holding that previously unpublished sound recording that was contained in a registered collection was covered by the registration based on analysis of Copyright Office regulations that allows for "registration of a 'collection' of unpublished works"); *see also Compendium* § 509.1 ("An applicant may register a collective work together with the separate and independent works contained therein . . . if the component works have not been previously published previously registered, and are not in the public domain."). To the extent the constituent parts of the collective work have been previously published, they are deemed "preexisting

10

material" of a "compilation" under 17 U.S.C. § 103(b), which, as noted above "is independent of, and does not affect or enlarge the scope, duration, ownership, or subsistence of, any copyright protection in the preexisting material."

Copyright Office Circular 56 clearly explains the distinction in the context of sound recordings with the following examples:

> This year, the Oldies Recording Company published a "best of" album titled "Greatest Hits from the Age of Aquarius" featuring sound recordings originally published in the late 1960s. The Oldies Recording Company may register "Greatest Hits from the Age of Aquarius" as a collective work. The registration will cover the authorship involved in creating the album as a whole, but will not cover the individual sound recordings because they were previously published.

By contrast:

> ABC Records, Inc., publishes a new album containing twelve new tracks that were never before published. ABC Records owns the copyright in both the album and the individual tracks. ABC Records may register the album as a collective work. The registration will cover both the album and the sound recordings because the copyright in both the sound recordings and the album are owned by the same party. [Kasner Decl. ¶ 11, Ex. J at 5-6].

There can be no dispute that the SR Registration fits squarely within the earlier of these fact patterns, and hence it does not cover the sound recording of the Song. This is so, as Plaintiffs themselves recognize that the Song was first "performed on a sound recording" and "initially released" in 1983 (Kasner Decl. ¶ 2, Ex. A; Compl. ¶ 25), which constitutes "publication" of that sound recording. *See* 17 U.S.C. § 101. Accordingly, the SR Registration, whether it is ultimately characterized as a "compilation" or "collective work," does not cover the Sound Recording. Plaintiffs therefore have not met their burden to provide proof of a copyright registration in and to the Sound Recording to bring and maintain a copyright infringement claim in the Sound Recording

11

in federal court. Absent a valid copyright registration covering the Sound Recording, the Court must dismiss Count II of the Complaint.

## CONCLUSION

For all of the foregoing reasons, defendants Donald J. Trump and Donald J. Trump For President, Inc. respectfully request that the Court grant their motion for partial summary judgment and dismiss Count II of the Complaint.

Respectfully submitted,

Dated: New York, New York
September 15, 2023

/s/ Jason H. Kasner
Jason H. Kasner
jkasner@peroffsaunders.com
Mark I. Peroff
mark.peroff@peroffsaunders.com
PEROFF SAUNDERS P.C.
745 5th Avenue | Suite 500
New York, NY 10151
Tel: 646.898.2030

*Attorneys for Defendants*
*Donald J. Trump and Donald J. Trump for President, Inc.*

**CERTIFICATION OF COMPLIANCE**

The undersigned hereby certifies that the foregoing memoranda contains 3,465 words and complies with Rule II(D) of Judge John G. Koeltl's Individual Practices.

                                                                               _/s/ Jason H. Kasner_
                                                                               Jason H. Kasner