# EXHIBIT D

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EDMOND GRANT P/K/A "EDDY GRANT", GREENHEART MUSIC LIMITED, a United Kingdom Limited Company, and GREENHEART MUSIC LIMITED, an Antigua and Barbuda Limited Company,<br><br>Plaintiffs,<br><br>- against –<br><br>DONALD J. TRUMP and DONALD J. TRUMP FOR PRESIDENT, INC.,<br><br>Defendants. | Civil Action No. 1:20-cv-07103-JGK<br><br>RESPONSES AND OBJECTIONS TO DEFENDANTS' FOURTH SET OF INTERROGATORIES TO PLAINTIFFS [NOS. 15-25] |

Pursuant to Federal Rules of Civil Procedure ("FRCP") 26 and 33, and the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York ("Local Rules"), plaintiffs Edmond Grant p/k/a "Eddy Grant" ("Grant"), Greenheart Music Limited, a United Kingdom Limited Company ("Greenheart UK"), and Greenheart Music Limited, an Antigua and Barbuda Limited Company ("Greenheart Antigua" and together with Grant and Greenheart UK, "Plaintiffs"), by their undersigned counsel, hereby respond and object (the "Responses") to defendants' Donald J. Trump ("Trump") and Donald J. Trump for President, Inc. ("Trump for President" or the "Company," and together with Trump, "Defendants") Fourth Set of Interrogatories to Plaintiffs (the "Interrogatories"), as follows:

**RESPONSES AND OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS**

Plaintiffs hereby incorporate the responses and objections to Defendants' Instructions and Definitions as set forth in Plaintiffs' Responses and Objections to Defendants' First Set of Interrogatories to Plaintiffs [Nos. 1-10], served January 18, 2022, Plaintiffs' Responses and

Objections to Defendants' Second Set of Interrogatories to Plaintiffs [Nos. 11-12], served March 2, 2022, and Plaintiffs' Responses and Objections to Defendants' Third Set of Interrogatories to Plaintiffs [Nos. 13-14] served April 11, 2022.

## RESPONSES AND OBJECTIONS TO INTERROGATORIES

**INTERROGATORY NO. 15:**

If you contend that either or both Plaintiffs are the beneficial owners of the copyright in the Recording, please provide the full factual and legal basis for that contention, including an identification of all documents that support that contention.

**Response:** Plaintiffs object to Interrogatory No. 15 on the ground that it is overbroad and unduly burdensome and instructs Plaintiffs to identify documents that have been produced in this action or are already in Defendants' possession. *Ritchie Risk-Linked Strategies Trading (Ireland), Ltd. v. Coventry First LLC*, 273 F.R.D. 367, 369 (S.D.N.Y. 2010); *see also* 7–33 Moore's Federal Practice–Civil § 33.78 (explaining that contention interrogatories "must be specific, intelligible, and narrowly tailored for the case"); *Linde v. Arab Bank, PLC*, 2012 WL 957970, at *1 (E.D.N.Y. Mar. 21, 2012).

Subject to the foregoing objection, Plaintiffs respond to Interrogatory No. 15 as follows: Greenheart Antigua is the beneficial owner of the copyright in the Recording based on Grant's assignment of all of his rights and interests, including the copyrights, in and to the Composition and the Recording, in or about 1983. Such assignment was confirmed in an ex post facto written assignment agreement between Grant and Greenheart Antigua.

**INTERROGATORY NO. 16:**

If you contend that the Recording Copyright (US Copyright Registration No. SR0000344006) covers the Recording that was used in the Animated Video, please provide the

2

full factual and legal basis for that contention, including an identification of all documents that support that contention.

**Response:** Plaintiffs object to Interrogatory No. 16 on the ground that it is overbroad and unduly burdensome and instructs Plaintiffs to identify documents that have been produced in this action or are already in Defendants' possession. *Ritchie Risk-Linked Strategies Trading (Ireland), Ltd. v. Coventry First LLC*, 273 F.R.D. 367, 369 (S.D.N.Y. 2010); *see also* 7–33 Moore's Federal Practice–Civil § 33.78 (explaining that contention interrogatories "must be specific, intelligible, and narrowly tailored for the case"); *Linde v. Arab Bank, PLC*, 2012 WL 957970, at *1 (E.D.N.Y. Mar. 21, 2012).

Subject to the foregoing objection, Plaintiffs respond to Interrogatory No. 16 as follows: Greenheart Antigua is the beneficial copyright owner of the copyright in the Recording. The US Copyright Registration No. SR0000344006 covers the sound recordings contained on the compilation album Eddy Grant: the greatest hits. The Recording is contained on the album. London Records, the foreign subsidiary of Warner Music UK Limited ("Warner"), pursuant to the May 3, 2001 letter agreement between Warner and Greenheart UK, the licensing arm of Greenheart Antigua (the "Agreement"), registered the subject SR copyright registration, which reverted back to Greenheart Antigua on the expiration of the Agreement.

**INTERROGATORY NO. 17:**

If you contend that the Animated Video infringed any copyright rights in the works claimed in the copyright "compilation of recordings, remixed sounds, & photography" please provide the full factual and legal basis for that contention, including an identification of all documents that support that contention.

**Response:** Plaintiffs incorporate their response to Interrogatory No. 16.

**INTERROGATORY NO. 18:**

If you contend that Plaintiffs have standing to bring copyright infringement claims raised in the Complaint based on the Recording Copyright, please provide the full factual and legal basis for that contention, including an identification of all documents that support that contention.

**Response:** Plaintiff incorporate their response to Interrogatory No. 15.

**INTERROGATORY NO. 19:**

If you contend that Defendants infringed any rights in any works claimed in the Recording Copyright, please provide the full factual and legal basis for that contention, including an identification of all documents that support that contention.

**Response:** Plaintiffs object to Interrogatory No. 19 on the ground that it is overbroad and unduly burdensome and instructs Plaintiffs to identify documents that have been produced in this action or are already in Defendants' possession. *Ritchie Risk-Linked Strategies Trading (Ireland), Ltd. v. Coventry First LLC*, 273 F.R.D. 367, 369 (S.D.N.Y. 2010); *see also* 7–33 Moore's Federal Practice–Civil § 33.78 (explaining that contention interrogatories "must be specific, intelligible, and narrowly tailored for the case"); *Linde v. Arab Bank, PLC*, 2012 WL 957970, at *1 (E.D.N.Y. Mar. 21, 2012).

Subject to the foregoing objection, Plaintiffs respond to Interrogatory No. 19 as follows: The Infringing Video, the entirety of which is contained in the Infringing Tweet authored by Defendants, uses and incorporates approximately 40 seconds of the master recording in "electric Avenue."

**INTERROGATORY NO. 20:**

If you contend that Plaintiffs have been damaged in any way in connection with the posting of the Animated Video on Twitter, please provide the full factual and legal basis for that contention, including an identification of all documents that support that contention.

**Response:**  Plaintiffs object to Interrogatory No. 20 on the ground that it is overbroad and unduly burdensome and instructs Plaintiffs to identify documents that have been produced in this action or are already in Defendants' possession.  *Ritchie Risk-Linked Strategies Trading (Ireland), Ltd. v. Coventry First LLC*, 273 F.R.D. 367, 369 (S.D.N.Y. 2010); *see also* 7–33 Moore's Federal Practice–Civil § 33.78 (explaining that contention interrogatories "must be specific, intelligible, and narrowly tailored for the case"); *Linde v. Arab Bank, PLC*, 2012 WL 957970, at *1 (E.D.N.Y. Mar. 21, 2012).

Plaintiffs also object to the Interrogatory on the ground that it is premature.  Discovery, including the deposition of Dan Scavino and expert related discovery, has not concluded in this action.  Plaintiffs will supplement their response to this Interrogatory at the conclusion of expert discovery and in accordance with the Court's Order dated October 6, 2022.  Plaintiffs also object on the ground that Plaintiffs also seek statutory damages in the alternative and thus there is no obligation to prove actual damages.

**INTERROGATORY NO. 21:**

If you contend that Plaintiffs are entitled to actual damages under 17 U.S.C. § 504 in connection with the posting of the Animated Video on Twitter, please provide the full factual and legal basis for that contention, including an identification of all documents that support that contention.

**Response:** Plaintiffs object to Interrogatory No. 21 on the ground that it is overbroad and unduly burdensome and instructs Plaintiffs to identify documents that have been produced in this action or are already in Defendants' possession. *Ritchie Risk-Linked Strategies Trading (Ireland), Ltd. v. Coventry First LLC*, 273 F.R.D. 367, 369 (S.D.N.Y. 2010); *see also* 7–33 Moore's Federal Practice–Civil § 33.78 (explaining that contention interrogatories "must be specific, intelligible, and narrowly tailored for the case"); *Linde v. Arab Bank, PLC*, 2012 WL 957970, at *1 (E.D.N.Y. Mar. 21, 2012).

Plaintiffs also object to this Interrogatory on the ground that it is premature. Discovery, including the deposition of Dan Scavino and expert related discovery, has not concluded in this action. Plaintiffs will supplement their response to this Interrogatory at the conclusion of expert discovery and in accordance with the Court's Order dated October 6, 2022.

**INTERROGATORY NO. 22:**

If you contend that Plaintiffs are entitled to enhanced statutory damages for willful infringement under 17 U.S.C. § 504(c)(1) in connection with the posting of the Animated Video on Twitter, please provide the full factual and legal basis for that contention, including an identification of all documents that support that contention.

**Response:** Plaintiffs object to Interrogatory No. 22 on the ground that it is overbroad and unduly burdensome and instructs Plaintiffs to identify documents that have been produced in this action or are already in Defendants' possession. *Ritchie Risk-Linked Strategies Trading (Ireland), Ltd. v. Coventry First LLC*, 273 F.R.D. 367, 369 (S.D.N.Y. 2010); *see also* 7–33 Moore's Federal Practice–Civil § 33.78 (explaining that contention interrogatories "must be specific, intelligible, and narrowly tailored for the case"); *Linde v. Arab Bank, PLC*, 2012 WL 957970, at *1 (E.D.N.Y. Mar. 21, 2012).

Plaintiffs also object to this Interrogatory on the ground that it is premature. Discovery, including the deposition of Dan Scavino and expert related discovery, has not concluded in this action. Plaintiffs will supplement their response to this Interrogatory at the conclusion of expert discovery and in accordance with the Court's Order dated October 6, 2022.

Subject to the foregoing objections, Plaintiffs respond to Interrogatory No. 22 as follows: Plaintiffs are entitled to enhanced statutory damages for willful infringement. The evidence demonstrates that Defendants performed no diligence and took no action to ensure that third party intellectual property contained in the Infringing Video was cleared and performed no diligence and took no action to determine whether the Infringing Video contained infringing material. To the contrary, Defendants may have authored and clearly published the Infringing Video with reckless disregard for third-party intellectual property rights.

Mr. Trump testified that he was not in the custom and practice of always monitoring his Twitter account when he did not author a tweet and he was not aware of any of his attorneys ever reviewing his Tweets with respect to intellectual property rights. (Deposition of Donald J. Trump dated June 9, 2022 (Trump Tr)) at 26:17-20, 28:23-29:2. With respect to the Infringing Tweet containing the Infringing Video, Mr. Trump again was unaware of whether any attorney on behalf of Mr. Trump or the Company vetted the tweet before it was posted. Mr. Trump also testified that he understood copyright law, but then stated that with respect to the Infringing Video "everybody on the internet could use it once it was put up [by the original creator]." Trump Tr. at 35:18-36:23. When asked again "Do you know whether or not anybody from Donald J. Trump for President, Inc. took any steps to see if Mr. Grant's song was licensed for use in the subject video?", Mr. Trump answered as follows:

> Again, I can't imagine it because this was on the internet for -- I
> mean, is everybody that put this up on the internet, if other people

7

>put it up -- and I'm sure they might have -- but if they put it up, are they being sued by you?· I can't imagine -- I can't imagine.· They picked it off the internet.
>
>\*   \*   \*
>
>I can't imagine.· Otherwise, you'd have to -- when you Retweeted something, you'd have to go and check every time you Retweeted, you'd spend $10,000 on legal·fees every single time.· It's crazy.

Trump Tr at 42:10-43:15.

Similarly, when asked "whether or not anyone within your organization reviewed the video for purposes of determining whether or not the use of Mr. Grant's song was a fair use under the Copyright Act?," Mr. Trump responded "Based on the fact it was a Retweet, I doubt it." Trump Tr. at 44:2-7.

Mr. Trump's responses show a willful ignorance of and disregard for the law.

Moreover, on August 13, 2020, one day after Defendants' posted the Infringing Tweet, Plaintiffs sent Defendants a letter notifying Defendants of the infringement and demanding that Defendants cease and desist from any continuing infringing use of the Plaintiffs' works. Defendants have already admitted that "as of the date of the filing of the Complaint in this Action, the tweet which contained the subject audio-visual work identified in the Complaint had not been removed from Twitter."

**INTERROGATORY NO. 23:**

If you contend that Plaintiffs are entitled to injunctive relief in connection with the posting of the Animated Video on Twitter, please provide the full factual and legal basis for that contention, including an identification of all documents that support that contention.

**Response:**  Plaintiffs object to Interrogatory No. 23 on the ground that it is overbroad and unduly burdensome and instructs Plaintiffs to identify documents that have been produced in this action or are already in Defendants' possession. *Ritchie Risk-Linked Strategies Trading (Ireland),*

8

*Ltd. v. Coventry First LLC*, 273 F.R.D. 367, 369 (S.D.N.Y. 2010); *see also* 7–33 Moore's Federal Practice–Civil § 33.78 (explaining that contention interrogatories "must be specific, intelligible, and narrowly tailored for the case"); *Linde v. Arab Bank, PLC*, 2012 WL 957970, at *1 (E.D.N.Y. Mar. 21, 2012).

Subject to the foregoing objection, Plaintiffs respond to Interrogatory No. 23 as follows: As a result of Defendants' voluntary withdraw of the Infringing Video, Plaintiffs' claim for injunctive relief has been mooted, although the Infringing Tweet containing the Infringing Video remains available on YouTube.

**INTERROGATORY NO. 24:**

Describe in detail what is meant by "Basis of Claim: New Matter: compilation of recordings, remixed sounds, & photography" in the Copyright Office's records reflecting the copyright registration of the Recording annexed as Exhibit B to the Complaint.

**Response:** Plaintiffs object to Interrogatory No. 24 on the ground that it seeks disclosure of information that is not in the possession custody or control of Plaintiffs since Plaintiffs did not author the copyright registration statement.

Subject to the foregoing objection, Plaintiffs respond to Interrogatory No. 24 as follows: Plaintiffs understand the phrase "Basis of Claim: New Matter: compilation of recordings, remixed sounds, & photography" to mean all of the songs contained on the album "Eddy Grant: the greatest hits," which includes Electric Avenue, and acts as a copyright registration for all such songs individually.

**INTERROGATORY NO. 25:**

Describe in detail what is meant by "Previous Registration: Recordings preexisting" in the Copyright Office's records reflecting the copyright registration of the Recording annexed as Exhibit B to the Complaint.

**Response:** Plaintiffs object to Interrogatory No. 25 on the ground that it seeks disclosure of information that is not in the possession custody or control of Plaintiffs since Plaintiffs did not author the copyright registration statement.

Subject to the foregoing objection, Plaintiffs respond to Interrogatory No. 25 as follows: Plaintiffs, who did not file the SR registration at issue, are unaware of the basis for any reference to the phrase "Previous Registration: Recordings preexisting," as no such registrations exist to the best of Plaintiff's knowledge.

Dated:  January 4, 2023

REITLER KAILAS & ROSENBLATT LLP

_____
Brian D. Caplan
Robert W. Clarida
Julie Wlodinguer
Brett Van Benthysen
885 Third Avenue, 20th Floor
New York, New York 10022
(212) 209-3050
bcaplan@reitlerlaw.com
rclarida@reitlerlaw.com
jwlodinguer@reitlerlaw.com
bvanbenthysen@reitlerlaw.com

*Attorneys for Plaintiffs Edmond Grant p/k/a "Eddy Grant", Greenheart Music Limited, a United Kingdom Limited Company, and Greenheart Music Limited, an Antigua and Barbuda Limited Company*

## VERIFICATION

Pursuant to 28 U.S.C. 1746, Edmond Grant under penalty of perjury, swears to the truth of the following statements:

I, Edmond Grant, am one of the named plaintiffs in the above-captioned action. I have read the foregoing RESPONSES AND OBJECTIONS TO DEFENDANTS' FOURTH SET OF INTERROGATORIES TO PLAINTIFFS [NOS. 15-25] and know the contents thereof. The same is true to the best of my knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters I believe them to be true.

Dated: January 5, 2023

_____
Edmond Grant