# EXHIBIT H



UNITED STATES COPYRIGHT OFFICE

# COMPENDIUM OF
# U.S. COPYRIGHT OFFICE PRACTICES

### THIRD EDITION



JANUARY 2021

Introduction to the Third Edition of the

## COMPENDIUM OF U.S. COPYRIGHT OFFICE PRACTICES

The *Compendium of U.S. Copyright Office Practices, Third Edition* (the "*Compendium*" or "*Third Edition*") is the administrative manual of the Register of Copyrights concerning Title 17 of the United States Code and Chapter 37 of the Code of Federal Regulations. It provides instruction to agency staff regarding their statutory duties and provides expert guidance to copyright applicants, practitioners, scholars, the courts, and members of the general public regarding institutional practices and related principles of law. *See* 37 C.F.R. § 201.2(b)(7).

### Effective Date of the *Third Edition*

The *Compendium, Third Edition* was released and became effective on December 22, 2014.

The *Compendium, Third Edition* is a living, electronic document accessible on the official website of the U.S. Copyright Office. The Office publishes regular revisions, as appropriate, to reflect changes in the law and/or practices, which customers may access, download, or print. The most recent update was released on January 28, 2021. The version posted on the Office's website at any given time should be consulted as the current official version. The Office maintains an archive of all revisions so released, as well as prior versions.

### Citing to the *Compendium*

The full title of this manual is the "*Compendium of U.S. Copyright Office Practices, Third Edition*." The full title may be abbreviated as the "*Compendium*." The manual may be cited as follows:

Full citation:

- U.S. COPYRIGHT OFFICE, COMPENDIUM OF U.S. COPYRIGHT OFFICE PRACTICES § 101 (3d ed. 2021).

Short form citation:

- COMPENDIUM (THIRD) § 101.1(A).

### What the *Compendium* Covers

The *Compendium* documents and explains the many technical requirements, regulations, and legal interpretations of the U.S. Copyright Office with a primary focus on the registration of copyright claims, documentation of copyright ownership, and recordation of copyright documents, including assignments and licenses. It describes the wide range of services that the Office provides for searching, accessing, and

retrieving information located in its extensive collection of copyright records and the associated fees for these services. The *Compendium* provides guidance regarding the contents and scope of particular registrations and records. And it seeks to educate applicants about a number of common mistakes, such as providing incorrect, ambiguous, or insufficient information, or making overbroad claims of authorship.

The *Compendium* does not cover every principle of copyright law or detail every aspect of the Office's administrative practices. The Office may, in exceptional circumstances, depart from its normal practices to ensure an outcome that is most appropriate.

### Standard of Deference for the *Compendium*

The *Compendium* does not override any existing statute or regulation. The policies and practices set forth in the *Compendium* do not in themselves have the force and effect of law and are not binding upon the Register of Copyrights or Copyright Office staff. However, the *Compendium* does explain the legal rationale and determinations of the Copyright Office, where applicable, including circumstances where there is no controlling judicial authority.

The Supreme Court recognized that courts may consider the interpretations set forth in administrative manuals, policy statements, and similar materials "to the extent that those interpretations have 'the power to persuade.'" *Christensen v. Harris County*, 529 U.S. 576, 587 (2000) (internal citations omitted); *Georgia v. Public.Resource.Org, Inc.*, 140 S. Ct. 1498, 1510 (2020) (applying "power to persuade" standard to the *Compendium*). The weight of [the agency's] judgment . . . in a particular case will depend upon the thoroughness evident in its consideration, the validity of its reasoning, its consistency with earlier and later pronouncements, and all those factors which give it power to persuade . . . ." *Skidmore v. Swift & Co.*, 323 U.S. 134, 140 (1944).

Courts have cited the *Compendium* in numerous copyright cases. *See, e.g.*, *Olem Shoe Corp. v. Washington Shoe Corp.*, 2015 U.S. App. LEXIS 434, at *20-21 (11th Cir. Jan 12, 2015) (finding that the *Compendium's* construction of the Copyright Act's requirements for disclaiming preexisting works during registration "merits deference"); *Alaska Stock, LLC v. Houghton Mifflin Harcourt Publishing Co.*, 747 F.3d 673, 684 (9th Cir. 2014) (finding the *Compendium* "persuasive" concerning the registration requirements for databases); *Metropolitan Regional Information Systems, Inc. v. American Home Realty Network, Inc.*, 888 F. Supp. 2d 691, 706-07 (D. Md. 2012) (deferring to the *Compendium* concerning the registration requirements for collective works); *Rogers v. Better Business Bureau of Metropolitan Houston, Inc.*, 887 F. Supp. 2d 722, 732 (S.D. Tex. 2012) ("The Copyright Office's 'policy statements, agency manuals, and enforcement guidelines' do not carry 'the force of law,' but they are entitled to some deference given the 'specialized experience and broader investigations and information' of the agency."); *McLaren v. Chico's FAS, Inc.*, 2010 U.S. Dist. LEXIS 120185, at **9-10 (S.D.N.Y. Nov. 9, 2010) (concluding that the Office's interpretation of the unit of publication regulation "is particularly compelling"). A complete list of cases citing the first, second, and third editions of the *Compendium* is provided in the Table of Authorities.

**Compendium Chapters**

The *Compendium's* chapter scheme addresses the following key areas:

- Background on U.S. Copyright Office and general copyright law (Chapter 100).

- Overview of the registration process (Chapter 200).

- What is copyrightable (Chapter 300).

- Who may file an application for copyright registration, and distinguishing between applicants, claimants, and correspondents (Chapter 400).

- What may be or is covered by a registration and legal concepts relating to the authorship and ownership of joint works, works made for hire, derivative works, compilations, and collective works (Chapter 500).

- How to complete an application, including general categories of works and standards for examination (Chapter 600).

- Guidance regarding the copyrightability and registrability of literary works, works of the performing arts, and visual art works (Chapters 700, 800, and 900).

- Guidance regarding the copyrightability and registrability of websites and website content (Chapter 1000).

- When and how to register multiple works with one application, one filing fee, and one set of deposit copies (Chapter 1100).

- When and how to register mask works and vessel designs (Chapters 1200 and 1300).

- Types of applications and filing fees (Chapter 1400).

- Identifying and filing proper deposit copies for registration and mandatory deposit (Chapter 1500).

- Conditions for, benefits of, and processes for preregistration (Chapter 1600).

- How to request reconsideration of a refusal of a registration (Chapter 1700).

- How to modify a registration record, such as correcting or amplifying the information in a certificate of registration, cancelling a copyright registration, or asserting an adverse claim to copyright (Chapter 1800).

- Guidance on the meaning of publication and how to determine if a work is published (Chapter 1900).

unclaimable material should be excluded from the claim. For guidance on this procedure, see Chapter 600, Section 621.8. By contrast, there is generally no need to limit the claim if the derivative work is solely based on or derived from unpublished material, unregistered material, or copyrightable material that is owned by the claimant named in the application.

The author of a derivative work may claim copyright in a work that recasts, transforms, or adapts a preexisting work, provided that the preexisting material has been used in a lawful manner. Section 103(a) of the Copyright Act states that the copyright in a derivative work "does not extend to any part of the work" that "unlawfully" uses preexisting material. 17 U.S.C. § 103(a). As discussed in Chapter 300, Section 313.6(B), this provision is intended to prevent "an infringer from benefiting, through copyright protection, from committing an unlawful act." H.R. REP. No. 94-1476, at 57, *reprinted in* 1976 U.S.C.C.A.N. at 5671. The unlawful use of preexisting material may also infringe the right of reproduction and/or the right to prepare derivative works based upon that material.

## 508  Compilations

This Section provides the definition and a general discussion concerning compilations. For information concerning the Office's practices and procedures for evaluating the copyrightability of compilations, see Chapter 300, Section 312. For guidance in preparing an application to register a compilation see Chapter 600, Sections 613.7, 617.5, 618.6, 620.7, and 621.8(C).

### 508.1  What Is a Compilation?

The Copyright Act defines a compilation as "a work formed by the collection and assembling of preexisting materials or of data that are selected, coordinated or arranged in such a way that the resulting work as a whole constitutes an original work of authorship." 17 U.S.C. § 101.

As the legislative history explains, "[a] 'compilation' results from a process of selecting, bringing together, organizing, and arranging previously existing material of all kinds, regardless of whether the individual items in the material have been or ever could have been subject to copyright." H.R. REP. No. 94-1476, at 57, *reprinted in* 1976 U.S.C.C.A.N. at 5670; S. REP. No. 94-473, at 55.

*Examples:*

- A directory of services for a particular region.

- A list of the best short stories of 2014.

- A collection of the best sound recordings of 1985.

The statute states that "[t]he term 'compilation' includes collective works," which are discussed in more detail in Section 509 below. 17 U.S.C. § 101. Creating a collective work also "involve[s] the selection, assembly, and arrangement of 'a number of contributions,'"

because this type of work "is a species of 'compilation.'" H.R. REP. NO. 94-1476, at 122, *reprinted in* 1976 U.S.C.C.A.N. at 5737; S. REP. NO. 94-473, at 105.

> *Examples:*
>
> - A book of news photos.
>
> - An academic journal containing articles on a particular topic.
>
> - A newspaper comprised of articles by different journalists.

### 508.2   The Scope of the Copyright in a Compilation

The fact that a compilation has been registered with the U.S. Copyright Office does not necessarily mean that every element of the work is protected by copyright. A claim to copyright in a compilation "extends only to the material contributed by the author of such work" and does not "imply any exclusive right in the preexisting material." 17 U.S.C. § 103(b). The data, facts, or other uncopyrightable material that appears in a compilation is not protected by the copyright in that work. *See Feist Publications, Inc. v. Rural Telephone Service Co*., 499 U.S. 340, 360 (1991) (stating that "the copyright in a compilation does not extend to the facts it contains"). A registration for a compilation does not cover any of the preexisting material or data that appears in the compilation unless that material or data is expressly claimed in the registration. Likewise, a registration for a compilation does not cover any previously published material, previously registered material, public domain material, or third party material that appears in the compilation. "This inevitably means that the copyright in a factual compilation is thin. Notwithstanding a valid copyright, a subsequent compiler remains free to use the facts contained in another's publication to aid in preparing a competing work, so long as the competing work does not feature the same selection and arrangement." *Id*. 499 U.S. at 349.

When registering a compilation, the applicant should identify the preexisting material or data that the author selected, coordinated, and/or arranged. If the compilation contains an appreciable amount of previously published material, previously registered material, public domain material, or material owned by a third party, the applicant generally should limit the claim to the new material that the author contributed to the work and the unclaimable material should be excluded from the claim. For guidance on this procedure, see Chapter 600, Section 621.8(E).

The author of a compilation may claim copyright in an original selection, coordination, and/or arrangement of preexisting material, provided that the material has been used in a lawful manner. Section 103(a) of the Copyright Act states that the copyright in a compilation "does not extend to any part of the work" that "unlawfully" uses preexisting material. As discussed in Chapter 300, Section 313.6(B), this provision is intended to prevent "an infringer from benefiting, through copyright protection, from committing an unlawful act." H.R. REP. NO. 94-1476, at 57, *reprinted in* 1976 U.S.C.C.A.N. at 5671.

**509    Collective Works and Contributions to Collective Works**

This Section provides the definition and a general discussion of collective works and contributions to collective works. For information concerning the Office's practices and procedures for evaluating the copyrightability of collective works, see Chapter 300, Section 312. For guidance in preparing an application to register a collective work or a contribution to a collective work, see Chapter 600, Sections 610.4, 613.8, 618.7, 620.8, and 621.8(D). For guidance in registering a catalog as a collective work, see Chapter 900, Section 915.

**509.1    What Is a Collective Work?**

A collective work is a type of compilation. The Copyright Act defines a collective work as "a work, such as a periodical issue, anthology, or encyclopedia, in which a number of contributions, constituting separate and independent works in themselves, are assembled into a collective whole." 17 U.S.C. § 101. The statute also states that "[t]he term 'compilation' includes collective works." *Id.* (definition of "compilation"). Thus, collective works are subject to the statutory requirements for compilations: There must be a sufficiently creative selection, coordination, or arrangement of the component works to establish a collective work.

Creating a collective work requires the "assemblage or gathering of 'separate and independent works . . . into a collective whole.'" H.R. REP. NO. 94-1476, at 120, *reprinted in* 1976 U.S.C.C.A.N. 5659, 5736; S. REP. NO. 94-473, at 104 (omission in original). In other words, collective works contain two distinct forms of authorship:

- The compilation authorship in creating the collective work, which involves selecting, coordinating, and/or arranging a number of separate and independent works and assembling them into a collective whole; and

- The authorship in the separate and independent works included within the collective work, such as an article that appears in a periodical issue or a poem that appears in an anthology.

An applicant may register a collective work together with the separate and independent works contained therein (i) if the copyright in the collective work and the component works are owned by the same claimant, and (ii) if the component works have not been previously published, previously registered, and are not in the public domain.

By definition, a collective work must contain "a number of contributions." A work that contains "relatively few separate elements" does not satisfy this requirement, such as a work containing a single contribution, a composition that merely consists of words and music, a publication that merely combines a single work with illustrations or front matter, or a publication that merely contains three one-act plays. H.R. REP. NO. 94-1476, at 122, *reprinted in* 1976 U.S.C.C.A.N. at 5737; S. REP. NO. 94-473, at 105.

As a general rule, a contribution that is "incorporated in a 'collective work' must itself constitute a 'separate and independent' work." H.R. REP. NO. 94-1476, at 122, *reprinted in* 1976 U.S.C.C.A.N. at 5737; S. REP. NO. 94-473, at 105. In other words, a contribution must be an original work of authorship that is eligible for copyright protection under Section

102(a) of the Copyright Act, regardless of whether that contribution is currently protected or whether the copyright in that contribution has expired.

## 509.2   The Scope of the Copyright in a Collective Work

The "[c]opyright in each separate contribution to a collective work is distinct from copyright in the collective work as a whole." 17 U.S.C. § 201(c).

The "[c]opyright in the separate contribution 'vests initially in the author of the contribution.'" *New York Times Co. v. Tasini,* 533 U.S. 483, 494 (2001) (quoting 17 U.S.C. § 201(c)). The "[c]opyright in the collective work vests in the collective author" and it "extends only to the creative material contributed by that author, not to 'the preexisting material employed in the work.'" *Id.* at 494 (quoting 17 U.S.C. § 103(b)). Specifically, the copyright in the collective work "extend[s] to the elements of compilation and editing that went into [creating] the collective work as a whole." H.R. REP. NO. 94-1476, at 122, *reprinted in* 1976 U.S.C.C.A.N. at 5738; S. REP. NO. 94-473, at 106. In addition, it extends to "the contributions that were written for hire by employees of the owner of the collective work, and those copyrighted contributions that have been transferred in writing to the owner by their authors." H.R. REP. NO. 94-1476, at 122, *reprinted in* 1976 U.S.C.C.A.N. at 5738; S. REP. NO. 94-473, at 106.

An applicant may register a collective work together with the contributions contained therein (i) if the contributions and the collective work were created by the same author, or (ii) if the copyright in the contributions and the collective work are owned by the same claimant, (iii) provided that the contributions and the collective work have not been previously published or previously registered, and provided that they are not in the public domain. If the owner of the collective work does not own all rights in the copyright for a particular contribution, that party cannot register a claim to copyright in that contribution. Instead, the contribution must be registered individually by or on behalf of the author of the contribution or the party that owns the copyright in that work. *See Morris v. Business Concepts, Inc.,* 259 F.3d 65, 71 (2d Cir. 2001) ("Unless the copyright owner of a collective work also owns all the rights in a constituent part, a collective work registration will not extend to the constituent part."), *abrogated on other grounds by Reed Elsevier, Inc. v. Muchnick,* 559 U.S. 154, 160 (2010).

Collective works often contain previously published material, previously registered material, public domain material, or material owned by a third party. If a collective work contains an appreciable amount of unclaimable material, the applicant generally should limit the claim to the new material that the author contributed to the work and the unclaimable material should be excluded from the claim. For guidance on this procedure, see Chapter 600, Section 621.8(D).

The author of a collective work may claim copyright in an original selection, coordination, and/or arrangement of preexisting material, provided that the material has been used in a lawful manner. Section 103(a) of the Copyright Act states that the copyright in a compilation "does not extend to any part of the work" that "unlawfully" uses preexisting material, and as discussed above, the term "compilation" includes collective works. As discussed in Chapter 300, Section 313.6(B), this provision is intended to prevent "an infringer from benefiting, through copyright protection, from

committing an unlawful act." H.R. REP. NO. 94-1476, at 57, *reprinted in* 1976 U.S.C.C.A.N. at 5671.

### 510    One Registration Per Work

As a general rule, the U.S. Copyright Office will issue only one basic registration for each work. 37 C.F.R. § 202.3(b)(11); H.R. REP. NO. 94-1476, at 155, *reprinted in* 1976 U.S.C.C.A.N. at 5771; S. REP. NO. 94-473, at 138 (recognizing that there is a "general rule against allowing more than one registration (i.e., basic registration) for the same work").

Allowing multiple registrations for the same work confuses the public record. Therefore, the Office will not knowingly issue multiple registrations for the same version of a particular work, and the Office generally will decline to issue additional registrations once a basic registration has been made. *See* Part 202–Registration of Claims to Copyright, 43 Fed. Reg. 965, 965-66 (Jan. 5, 1978); Applications for Registration of Claim to Copyright Under Revised Copyright Act, 42 Fed. Reg. 48,944, 48,945 (Sept. 26, 1977).

There are three limited exceptions to this rule, which are discussed in Sections 510.1 through 510.3.

### 510.1    Unpublished Works vs. Published Works

If the U.S. Copyright Office issued a registration for an unpublished work and if that work was published sometime thereafter, the Office will accept another application to register the first published edition of the work (even if the unpublished version and the published version are substantially the same). 17 U.S.C. § 408(e); 37 C.F.R. § 202.3(b)(11)(i).

When completing the application for the first published edition, the applicant should provide the registration number of the unpublished version using the procedure described in Chapter 600, Section 621.8(F). If the application for the first published edition is approved, the registration for that edition will exist alongside the registration for the unpublished version.

### 510.2    Naming the Author as the Copyright Claimant

An author may seek a registration naming himself or herself as the copyright claimant, even if the Office previously issued a registration that named a different individual or legal entity as the claimant for that work. *See* 37 C.F.R. § 202.3(b)(11)(ii). Likewise, a joint author may seek a registration naming himself or herself as the claimant, even if the joint work was previously registered by or on behalf of the other authors. *See id.* n.2. When completing the application, the applicant should provide the registration number for the previous registration using the procedure described in Chapter 600, Section 621.8(F).

In some cases, the author of a collective work may register that work without identifying the authors of the component works contained therein. The author of a component work may register that work in his or her own name in this situation, even if the Office previously registered the component work together with the collective work as a whole.

**618.2    Limiting the Claim to Copyright**

A registration only covers the new material that the author contributed to the work. As explained in Section 621, a registration does not extend to any unclaimable material that may appear in the work, namely:

- Previously published material.

- Previously registered material (including material that has been submitted for registration but has not been registered yet).

- Material that is in the public domain.

- Copyrightable material that is owned by another party (*i.e.*, an individual or entity other than the copyright claimant).

If the work contains an appreciable amount of unclaimable material, the applicant must exclude that material from the claim and limit the application to the new copyrightable material that the author contributed to the work. When completing an online application the applicant should provide this information on the Limitation of Claim screen; when completing a paper application, the applicant should provide this information in spaces 5 and/or 6(a) and 6(b) of the application.

For a discussion of the U.S. Copyright Office's practices and procedures for limiting a claim to copyright, see Section 621.

**618.3    The Relationship Between the Author Created / Limitation of Claim Fields in the Online Application and the Relationship Between Spaces 2, 5, 6(a), and 6(b) in the Paper Application**

As a general rule, a claim to copyright is defined by the information provided in the Author Created field (in the case of an online application) or in the Nature of Authorship space (in the case of a paper application). Therefore, all of the copyrightable material that the applicant intends to register should be identified in these fields/spaces.

When an applicant excludes material from the claim and limits the application to the new copyrightable material that the author contributed to the work, the claim to copyright is defined by the information provided in the New Material Included field of the online application or the information provided in space 6(b) of the paper application as modified by the material excluded field/space. Therefore, all of the new copyrightable material that the applicant intends to register should be described in the New Material Included field or in space 6(b), as applicable.

**618.4    Completing the Application: Author Created / Nature of Authorship**

This Section provides guidance on completing the Author Created field in the online application and the Nature of Authorship space in the paper application. For guidance on completing an application to register a derivative work, a compilation, or a collective work, see Sections 618.5, 618.6, and 618.7. For guidance on completing an application to

*See* Corrections and Amplifications of Copyright Registrations; Applications for Supplementary Registration, 63 Fed. Reg. 59,235, 59,235 (Nov. 3, 1998) ("The Copyright Office follows the general policy of requiring all authors and copyright claimants to supply information, consistent with 17 U.S.C. § 409, concerning the authorship being claimed in the application for registration.").

**621.4   Previously Published Material**

If the work described in the application contains an appreciable amount of copyrightable material that has been previously published, the previously published material should be excluded from the claim using the procedure described in Section 621.8(B). This rule applies regardless of whether the previously published material was published in the United States or in a foreign country (or both).

The U.S. Copyright Office requires applicants to disclaim previously published material for several reasons. In particular, this information may be needed to determine:

- The length of the copyright term.

- Whether the relevant deposit requirements have been satisfied.

- Whether the certificate of registration is entitled to certain legal presumptions.

- Whether the copyright owner is entitled to certain legal remedies in an infringement dispute.

- Whether an infringer may rely on certain defenses in an infringement dispute.

Requiring applicants to disclaim previously published material also encourages early registration and promotes administrative efficiency. For information concerning each of these issues, see Chapter 500, Section 503.5.

The applicant should determine whether the work contains previously published material on the date that the work is submitted to the Office. In other words, if the applicant intends to register a work that contains an appreciable amount of material that was published at any time before the application is submitted, the applicant should exclude that previously published material from the claim.

The date of creation for the work that the applicant intends to register is irrelevant to this determination. In other words, previously published material should be disclaimed, regardless of whether that material was created before or simultaneously with the work that the applicant intends to register. Likewise, previously published material should be disclaimed regardless of whether that material was published before or after the date of creation for the work that the applicant intends to register.

*Examples:*

- The Piecemeal Press submits an application for a textbook and states that the work was published on March 24, 2005. The

deposit copies indicate that this is the second edition of this work and that the first edition was published in 2004. In the Material Excluded field the applicant states "previously published edition" to exclude the previously published material from the claim, and in the New Material Included field states "new text" to limit the claim to the new material that appears in the second edition. The registration specialist will register the claim.

- Dr. Sabrina Oxley submits an application on Form TX for a self-help book on May 1, 2012, and states that the book was published on April 1, 2012. A statement on the cover indicates that the third chapter was published in a fitness magazine on March 1, 2012. In space 6(a) the applicant states "chapter three was previously published" to exclude that chapter from the claim, and in space 6(b) the applicant states "new text" to limit the claim to the new material which was published on April 1, 2012. The registration specialist will register the claim.

- Frank Hempstead is the author of the novel *A Lovable Beast*, which was published in 1945. Hempstead's daughter published her father's original manuscript for this work in 2005. The manuscript contains an appreciable amount of text that did not appear in the 1945 edition. The applicant states "A Lovable Beast, published in 1945" in the Material Excluded field to exclude the material that appeared in the 1945 edition. The applicant states "additional text" in the New Material Included field to limit the claim to the new material that was published in 2005. The registration specialist will register the claim.

For a definition and detailed discussion of publication, see Chapter 1900.

### 621.5 Previously Registered Material

If the applicants intends to register a work that contains an appreciable amount of copyrightable material that has been registered with the U.S. Copyright Office, the previously registered material should be excluded from the claim using the procedure described in Section 621.8(F).

Likewise, if the work contains an appreciable amount of copyrightable material that has been submitted for registration, but has not been registered yet, the previously submitted material should be identified on the application as excluded material. Once the previously submitted material has been registered, the material is then considered unclaimable material.

As a general rule, the Office will issue only one registration for each version of a particular work, because multiple registrations for the same work would confuse the public record. 37 C.F.R § 202.3(b)(11). In most cases, this means that the applicant should disclaim any portion of the work that has been registered before.