

**REITLER**

REITLER KAILAS & ROSENBLATT LLP

September 15, 2023

**VIA ECF**
Honorable John G. Koeltl
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

*Application granted.
Redacted copies should
be filed in the public docket.
So ordered.
John G. Koeltl
9/18/23   U.S.D.J.*

Re: **Grant v. Trump; Action No. 1:20-cv-07103-JGK**

Dear Judge Koeltl:

We are counsel for plaintiffs Edmond Grant p/k/a Eddy Grant and Greenheart Music Ltd. ("Plaintiffs") in the above-referenced action against defendants Donald J. Trump and Donald J. Trump for President, Inc. ("Defendants"). We write pursuant to Rule VI.A(ii) of Your Honor's Individual Practices in Civil Cases, ECF Rules & Instructions, Section 6, and the court's standing order, 19-mc-00583, to respectfully request leave for Plaintiffs to file certain documents under seal in connection with Plaintiffs' forthcoming motion for summary judgment.

A court may seal judicial documents if "closure is essential to preserve the higher values and closure is narrowly tailored to serve that interest." Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 120 (2d Cir. 2006). Materials that reveal marketing strategy, financial analysis and business development strategy are routinely considered highly proprietary by courts and worthy of protection by sealing from the public. Playtex Products, LLC v. Munchkin, Inc., 2016 WL 1276450, at ** 11-12 (S.D.N.Y. March 29, 2016); New York v. Actavis, PLC, 2014 WL 5353774, at *3 (S.D.N.Y. Oct. 21, 2014).

A Stipulated Protective Order was entered in this action on February 17, 2022 [Doc. 63]. Defendants produced certain documents in response to Requests for Production and designated certain of the documents they produced as "Confidential" pursuant to the Stipulated Protective Order. Further, the entire contents of two depositions, the Deposition of Donald J. Trump and the Deposition of Daniel J. Scavino, Jr., were designated as "Highly Confidential / Attorneys Eyes Only" pursuant to the Stipulated Protective Order.[1] Plaintiffs additionally produced certain documents in response to Defendants' Requests for Production and designated certain of the documents produced as "Confidential" pursuant to the Stipulated Protective Order.

---

[1] Plaintiffs dispute the need for the confidentiality of these documents, particularly the deposition transcripts, and believes that limited redactions of confidential sections would be sufficient to protect Defendants' interests. Plaintiffs anticipate moving at a later time to remove the confidentiality designation as to some portion or all of the documents.

| **New York** | **Princeton** | **Los Angeles** |
|---|---|---|
| 885 Third Avenue, 20th Floor | 4 Independence Way, Suite 120 | 227 Broadway, Suite 302 |
| New York, NY 10022 | Princeton, NJ 08540 | Santa Monica, CA 90401 |
| Main: 212-209-3050 | Main: 609-514-1500 | Main: 310-337-2305 |

382790                       www.reitlerlaw.com

Hon. John G. Koeltl
September 15, 2023
Page 2

In accordance with Your Honor's Individual Practices, the undersigned met and conferred with counsel for Defendants on September 14, 2023 and September 15, 2023 to advise Defendants that Plaintiffs intended to file certain "Confidential" documents in connection with Plaintiffs' motion for summary judgment. The undersigned requested that Defendants confirm whether they would consent to the public filing of such documents or whether Defendants intended to pursue redaction and/or sealing of the subject documents such that Plaintiffs should file same under seal.

On September 14, 2023, counsel for Defendants advised they were maintaining their confidentiality designation with respect to the documents bearing Bates stamp numbers DEF_000047-48 (to be filed as Exhibit 18 to Plaintiffs' Summary Judgment Motion (hereinafter, the "Motion")), and excerpts of the Deposition of Donald J. Trump (to be filed as Exhibit 21 to the Motion). Copies of these documents are submitted herewith and Plaintiffs request leave to file these documents under seal. Pursuant to Your Honor's Individual Practices, Plaintiffs have notified Defendants that they must file, within three days, a letter explaining the need to seal or redact the materials.

Furthermore, Plaintiffs respectfully request leave to file under seal excerpts of the Deposition of Daniel J. Scavino, Jr. (to be filed as Exhibit 22 to the Motion). Plaintiff did not meet and confer with Mr. Scavino's counsel prior to the filing of the excerpts, but plans to do so immediately, and will notify Mr. Scavino's counsel that they must file, within three days, a letter explaining the need to seal or redact the materials if necessary.

Finally, Plaintiffs respectfully request leave to file under seal certain documents produced by Plaintiffs to be used in support of Plaintiffs' motion for summary judgment. The proposed documents are licensing agreements related to Plaintiffs' songs, and refer to, concern or contain confidential information, as well as sensitive financial and business information. Specifically, Plaintiffs request leave to file the following under seal: GRANT0039-GRANT0050 (to be filed as Exhibit 4 to the Motion); GRANT0099-GRANT0141 (to be filed as Exhibit 5 to the Motion); GRANT0205-GRANT0210 (to be filed as Exhibit 8 to the Motion); GRANT0274-GRANT0280 (to be filed as Exhibit 9 to the Motion); and GRANT0201-GRANT0204 (to be filed as Exhibit 10 to the Motion). Copies of the above documents are also submitted herewith.

Given that the above-referenced exhibits are referred to and quoted in the Plaintiffs Memorandum of Law and 56.1 Statement of Material Facts, Plaintiff also requests leave to file redacted versions of those documents. Unredacted versions are submitted herewith.

We thank the Court for its attention to this matter.

Respectfully submitted,

REITLER KAILAS & ROSENBLATT LLP
Attorneys for Plaintiffs

Hon. John G. Koeltl
September 15, 2023
Page 3

_/s/ Brett Van Benthysen_
Brett Van Benthysen

Enclosures
cc:    All Counsel of Record (via ECF and via email w/enclosures)