

PEROFF SAUNDERS P.C.
745 5TH AVENUE | SUITE 500
NEW YORK, NY 10151
TEL: 646.898.2030
WWW.PEROFFSAUNDERS.COM

Jason H. Kasner
Partner
dir: 646.898.2074
jkasner@peroffsaunders.com

September 20, 2023

**Via ECF**
Hon. John G. Koeltl
United States District Judge
United States Courthouse
40 Foley Square
New York, NY 10007

      Re:    ***Grant et al. v. Trump et al.***
              **Case No. 1:20-cv-07103-JGK**

Dear Judge Koeltl:

We represent Defendants Donald J. Trump and Donald J. Trump for President, Inc. ("Defendants") in the above-referenced action. Pursuant to Rule VI.A(ii) of this Court's Individual Practices, Defendants respectfully submit this letter to request that the following documents remain under seal, redacted copies of which were filed via ECF by plaintiffs Edmond Grant p/k/a Eddy Grant and Greenheart Music Ltd. ("Plaintiffs") on September 15, 2023 in connection with Plaintiffs' motion for summary judgment:

1. Excerpts from the deposition of President Donald J. Trump (DKT 103-9) and all references thereto;
2. Excerpts from the deposition of Daniel J. Scavino, Jr. (DKT 103-10) and all references thereto[1]; and
3. Exhibit 18 to the Declaration of Brett Van Benthysen in support of Plaintiffs' motion for summary judgment, bearing Bates numbers DEF_000047-8 (DKT 108-7, redacted; DKT 103-8, unredacted)

The foregoing documents and testimony contain material that was designated "Highly Confidential - Attorneys' Eyes Only" by Defendants under the Stipulated Protective Order entered in this action (DKT 63). Counsel for the parties met and conferred via email and phone on September 14 and 15, pursuant to Your Honor's Individual Practices. In email correspondence and again over the phone on September 14 and 15, counsel for Defendants reiterated the need to retain the Highly Confidential – Attorneys' Eyes Only designation for all of the above referenced materials. An email exchange between counsel for the parties on September 14 is annexed hereto as Exhibit A. It is Defendants contention that the President was made available for deposition without extensive objection or delay on the condition that his deposition testimony remain confidential. This agreement between the attorneys was read into the record in the President's deposition (DKT-103-9 at 7-8)[2]. In addition to the fact that the

---

[1] Defendant submit this letter jointly and with the consent of Stanley Woodward, counsel for Mr. Scavino.
[2] Plaintiff's counsel incorrectly contends that this was merely a preliminary designation, Defendants' understanding and contention is that the ongoing confidentiality of the deposition transcript was a condition

deposition testimony of the President contains highly sensitive and confidential information regarding the campaign practices and re-election strategies (explored further below), Defendants request the Court maintain these records under seal to maintain the agreement between the parties to do so.

Notwithstanding the foregoing, the deposition excerpts of both the President and Mr. Scavino contain highly sensitive information regarding campaign strategy, political campaign structure and strategy as well as political strategy of a sitting United States President in a campaign for re-election. With the 2024 presidential campaign approaching, the need to retain confidentiality of President Trump's campaign practices, campaign strategy and re-election strategy is critical. The request for public disclosure of these materials in a copyright infringement lawsuit, which may result in an unwarranted competitive advantage for opposing candidates in the 2024 presidential election, is simply not justified in light of the highly sensitive nature of the materials disclosing the inner workings of a presidential campaign as well as potential strategies for a future presidential candidate. The need for continued confidentiality in this case is further justified as the President and Mr. Scavino are currently involved in ongoing lawsuits in various jurisdictions and there is a very real possibility that the materials filed under seal in this litigation could be used against them in other, parallel, litigations unrelated to this matter.

In sum, Defendants request that the materials filed under seal remain so, as disclosure of these materials is contrary to the agreement of the parties (in the case of President Trump's deposition) and is necessary to preserve the confidentiality of highly sensitive information regarding U.S. presidential campaign strategy.

We thank the Court for its consideration.

                                                Respectfully submitted,

                                                Jason H. Kasner

Enclosures
Cc: All Counsel of Record Via ECF
JK:ji

---

precedent to the President being produced for deposition in this case without the need for extensive motion practice or judicial intervention.