

Brett Van Benthysen
Direct Dial:  (212) 209-3045
Email Address:  bvanbenthysen@reitlerlaw.com

September 22, 2023

**VIA ECF**
Honorable John G. Koeltl
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:  **_Grant v. Trump, et al._, No. 1:20-cv-07103-JGK**

Dear Judge Koeltl:

    We are counsel for plaintiffs Edmond Grant p/k/a Eddy Grant and Greenheart Music Ltd. ("Plaintiffs") in the above-referenced action against defendants Donald J. Trump ("Trump") and Donald J. Trump for President, Inc. ("Defendants").  We write in response to Defendants' letter motion dated September 20, 2023.

    On September 18, 2023, prior to Defendants' letter motion, the Court ordered that several documents filed in connection with Plaintiffs' motion for summary judgment as to liability were to be filed under seal, including, *inter alia*, the excerpts from the deposition transcript of President Donald J. Trump (attached as Exhibit 21 to the Declaration of Brett Van Benthysen dated September 15, 2023), excerpts from the deposition transcript of Daniel J. Scavino, Jr. (attached as Exhibit 22), and an email between representatives of the Defendants (attached as Exhibit 18) (hereinafter, the "Disputed Exhibits").  ECF Doc. No. 109.  Accordingly, Defendants' request that the Disputed Exhibits "remain under seal" is moot since the Court has already ordered that relief.

    To the extent the Defendants' letter motion seeks to permanently seal the contents of the Disputed Exhibits and/or the entirety of the deposition transcripts of Messrs. Trump and Scavino, the request is premature and misleading and should be denied.

    Defendants argue in a footnote that a condition precedent to Mr. Trump appearing at his deposition was that the transcript would remain confidential.  No such agreement exists.  To the contrary, in communications reflecting the scheduling of Mr. Trump's deposition, counsel for Defendants advised that "Mr. Trump is willing to testify at a deposition subject to a two-hour time limitation."  See Exhibit A.  No other qualifications were stated, and during recent communications on September 14 and 15 (as referenced in Defendants' letter motion), the parties discussed the fact that there was no written request, let alone any agreement, that Mr. Trump's deposition would take place subject to a permanent confidentiality designation.

**New York**
885 Third Avenue, 20th Floor
New York, NY 10022
Main:  212-209-3050

**Princeton**
4 Independence Way, Suite 120
Princeton, NJ 08540
Main:  609-514-1500

**Los Angeles**
227 Broadway, Suite 302
Santa Monica, CA 90401
Main:  310-337-2305

382790

www.reitlerlaw.com

Hon. John G. Koeltl
September 22, 2023
Page 2

Moreover, the statement read into the record at the beginning of Mr. Trump's deposition by Defendants' counsel stated that "the attorneys have agreed that the deposition will be considered Confidential/Attorneys' Eyes Only under the Protective Order in this case with the exception of the participants that are actually on the deposition."[1] The Protective Order entered by the Court expressly permits parties to challenge "another party's designation of confidentiality." ECF Doc. No 63 at ¶3. This comports with the Court's Individual Practices, which state that "the parties' consent or the fact that information is subject to a confidentiality agreement between litigants is not, by itself, a valid basis to overcome the presumption in favor of public access to judicial documents." In re Gen. Motors LLC Ignition Switch Litig., 2015 WL 4750774, at *4 (S.D.N.Y. Aug. 11, 2015).

As to Mr. Scavino, Defendants do not claim that any agreement exists between the parties requiring a permanent confidentiality designation for his deposition transcript.

Finally, Defendants' characterization of the Disputed Exhibits as containing "highly sensitive information regarding campaign strategy, political campaign structure and strategy as well as political strategy of a sitting United States President in a campaign for re-election" should be rejected. A cursory review of the excerpts filed under seal reveal that an overwhelming amount of the testimony had nothing to do with the inner workings of the campaign or any political strategy. The transcripts are judicial documents subject to a higher presumption of public access. BAT LLC v. TD Bank N.A., 2022 WL 18997607, at *1 (E.D.N.Y. Aug. 5, 2022) ("[D]ocuments used by parties moving for, or opposing, summary judgment should not remain under seal absent the most compelling reasons."); United States v. Avenatti, 550 F.Supp.3d 36, (S.D.N.Y. 2021) ("continued sealing of the documents may be justified only with specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim."). Neither Defendants nor Mr. Scavino have made any attempt to identify which portions of the Disputed Exhibits or the transcripts they believe warrant a permanent confidentiality designation. Plaintiffs remain willing to meet and confer as to limited confidentiality designations, but do not agree that the entirety Mr. Trump's and Mr. Scavino's testimonies should be permanently sealed. Defendants do not identify any supporting authority for this argument.

We thank the Courts for its attention to this matter.

Respectfully submitted,

 s/ Brett Van Benthysen
Brett Van Benthysen

Enclosures

cc:     All Counsel of Record (via ECF)

---

[1] The parties conferred on September 22, 2023, and reserving all rights, Defendants permitted the limited quoted language to be filed without need for a separate sealing motion.