

PEROFF SAUNDERS P.C.
745 5TH AVENUE | SUITE 500
NEW YORK, NY 10151
TEL: 646.898.2030
WWW.PEROFFSAUNDERS.COM

Jason H. Kasner
Partner
dir: 646.898.2074
jkasner@peroffsaunders.com

October 6, 2023

**VIA ECF**

The Honorable John G. Koeltl
United States District Judge
United States Courthouse, Courtroom 14A
500 Pearl Street
New York, NY 10007

Re: Grant et al. v. Trump et al., Case No. 1:20-cv-07103-JGK

Dear Judge Koeltl:

I am counsel to Defendants Donald J. Trump and Donald J. Trump for President, Inc. (collectively, "Defendants") in the above-referenced action. Pursuant to Your Honor's Order, dated September 25, 2023 (Dkt. 112), I write to further explain the bases for Defendants' request that certain materials remain under seal.

Specifically, Defendants seek relief with respect to the following documents:

1. Selected portions from excerpts of the deposition of President Donald J. Trump (Exhibits A and A-1 hereto showing proposed redactions of Dkt. 103-9);
2. Selected portions from excerpts of the deposition of Daniel J. Scavino, Jr. (Exhibits B and B-1 hereto showing proposed redactions of Dkt. 103-10);
3. Exhibit 18 to the Declaration of Brett Van Benthysen in support of Plaintiffs' motion for summary judgment (Exhibits C and C-1 hereto showing proposed redactions of Dkt. 103-8)
4. All references to the foregoing as shown in the redacted versions of the following:
    a. Plaintiffs' Memorandum of Law in Support of its Motion for Summary Judgment (DKT 103-1);
    b. Plaintiffs' Statement of Material Facts (DKT 103-2); and
    c. Defendants' Response to Plaintiffs' Statement of Material Facts and Additional Statement of Material Facts in Opposition to Plaintiffs' Motion for Summary Judgment.

Defendants recognize that, under the First Amendment, there is a presumption of public access to "judicial documents," which include documents submitted to the Court in connection with a summary judgment motion. *Brown v. Maxwell*, 929 F.3d 41, 47 (2d Cir. 2019). This presumption can be overcome, and sealing is therefore appropriate, to preserve "higher values," so long as the

October 4, 2023
P a g e | 2

sealing request and concomitant order are "narrowly tailored" to serve those interests. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006). One such "higher value" is the First Amendment right of political advocacy groups, under certain circumstances, to be free from compelled disclosure of their internal communications and activities. *See Perry v. Schwarzenegger*, 591 F.3d 1147, 1159-60 (9th Cir. 2010); *AFL-CIO v. Fed. Elec. Comm.*, 333 F.3d 168, 176-78 (D.C. Cir. 2003). This includes, "the right to exchange ideas and formulate strategy, and to do so in private." *Perry*, 591 F.3d at 1162. Courts have recognized that these interests extend to the internal communications of campaigns for political office and to political parties. *See Gueye v. Mike Bloomberg 2020 Inc.*, No. 4:20-cv-00487, 2021 WL 3910331, at *2 (N.D. Tex. Feb. 26, 2021) (recognizing confidentiality interest in "political campaign operations" of presidential candidate in connection with motion to seal, but concluding that documents in question only related to continued employment of campaign staff after candidacy ended) (alterations in original omitted); *see also Republican Nat'l Comm. v. Pelosi*, 602 F. Supp. 3d 1, 33 (D. D.C. May 1, 2022) (recognizing that political party has a "cognizable First Amendment claim" with respect to subpoena that sought disclosure of "'confidential internal materials'" relating to political activities), *vacated as moot*, No. 22-5123, 2022 WL 4349778 (D.C. Cir. Sept. 16, 2022). The need for confidentiality is especially compelling where disclosure could aid rival organizations. *AFL-CIO*, 333 F.3d at 178 (finding "persuasive" argument that disclosure of internal communications and documents relating to labor union's political advocacy efforts could aid competitors in "learning their political strategy so that it can be exploited to [adversary's] advantage").

Defendants seek a narrowly tailored sealing order to protect these legitimate interests. Specifically, Defendants seek to redact targeted testimony from two depositions and limited portions of a two-page email chain, along with references to those items in related motion papers. In addition to protecting from disclosure the inner workings of President Trump's 2020 presidential campaign,[1] Defendants' proposed redactions also shield the identities and personal identifying information of specific individuals. *See Olson v. Major League Baseball*, 466 F. Supp. 3d 450, 456-57 (S.D.N.Y. 2020) (ordering document unsealed, but allowing for opportunity to submit "a minimally redacted version of the [document] to protect the identity of individuals mentioned therein"). In other contexts, political campaigns have been able to completely withhold from discovery materials that would tend to reveal the internal affairs of a political organization, *see Perry*, 591 F.3d at 1164, a remedy that Defendants have not and do not seek here.

And, while Defendants recognize that relevance (or lack thereof) typically does not bear on whether summary judgment materials are "judicial documents," the fact remains that details regarding President Trump's 2020 Presidential campaign are, at most, tangentially relevant to the ultimate issues in what is, at bottom, a copyright infringement dispute. *See Louis Vuitton Malletier, S.A v. Hyundai Motor Am.*, No. 10 Civ. 1611, 2012 WL 1022258, at *1 (S.D.N.Y. Mar. 22, 2012) (permitting redactions to exhibits submitted on summary judgment motion that "do not appear to discuss matters that are relevant to . . . the disposition of the motion"). Thus, the public

---

[1] The Court can take judicial notice of the fact that President Trump is currently running for re-election, and therefore this is not a case where the need for confidentiality is less compelling because a candidacy has ended. *Cf. Gueye*, 2021 WL 3910331, at *2 (noting that need for confidentiality is less compelling where presidential candidate's "candidacy ended").

October 4, 2023
P a g e | 3

will not, in any meaningful sense, be deprived of its right to know how the Court reaches its conclusions in ruling on Plaintiff's motion for summary judgment. *See U.S. v. Amodeo* 71 F.3d 1044, 1048 (2d Cir. 1995). Indeed, the amount of deposition testimony Plaintiffs' motion papers actually cite is far more limited in comparison to the amount of deposition testimony that Plaintiffs seek to publicly file. This indicates Plaintiffs are seeking free license to publicly disseminate sensitive testimony and information not relevant to the litigation. *See Brown* 929 F.3d at 47 ("Unfortunately, the presumption of public access to court documents has the potential to exacerbate . . . harms to privacy and reputation by ensuring that damaging material irrevocably enters the public record.").

In sum, Defendants respectfully submit that political organizations of all stripes have a strong confidentiality interest in their internal deliberations and processes. The instant application protects those interests while in no way depriving the public of its right to know the whys and wherefores behind this copyright infringement dispute. Accordingly, Defendants respectfully request that the Court keep the above referenced materials under seal.

Respectfully submitted,

Jason H. Kasner

JHK:ji
Enclosures

cc:   All counsel of record (via ECF)