UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EDMOND GRANT P/K/A "EDDY GRANT", GREENHEART MUSIC LIMITED, a United Kingdom Limited Company, and GREENHEART MUSIC LIMITED, an Antigua and Barbuda Limited Company,<br><br>                            Plaintiffs,<br><br>        -against-<br><br>DONALD J. TRUMP and DONALD J. TRUMP FOR PRESIDENT, INC.,<br><br>                            Defendants. | Civil Action No. 1:20-cv-07103-JGK |

**DEFENDANTS RESPONSE TO PLAINTFFS' STATENT OF MATERIAL FACTS AND ADDITIONAL STATEMENT OF MATERIAL FACTS IN OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

1

## TABLE OF CONTENTS

**SECTION I:** DEFENDANTS' RESPONSES TO PLAINTIFFS' RULE 56.1 STATEMENT OF MATERIAL FACTS……………………………………………………..3

**SECTION II:** DEFENDANTS' STATEMENT OF ADDITIONAL FACTS………………….15

Pursuant to Local Rule 56.1, Defendants Donald J. Trump and Donald J. Trump for President, Inc. ("Defendants"), by and through its undersigned counsel, respectfully submits this Response to Plaintiffs Edmond Grant P/K/A/ "Eddy Grant", Greenheart Music Limited and Greenheart Music Limited's ("Plaintiff") Counterstatement of Material Facts.

### DEFENDANTS' RESPONSE TO PLAINTIFFS' STATEMENT OF ADDITIONAL FACTS

1. Grant is a musician and songwriter residing in Barbados and is a citizen of the United Kingdom. Declaration of Edmond Grant dated September 15, 2023 ("Grant Decl.") at ¶¶1- 2.

**DEFENDANTS' RESPONSE:** Undisputed.

2. Grant wrote, recorded, and produced the Works entitled "Electric Avenue." Id. and Exhibit 1.

**DEFENDANTS' RESPONSE:** Undisputed.

3. Grant testified that he created Electric Avenue as a "protest song, in common vernacular," but that "[e]veryone interprets a song in their own way." Id. Exhibit 11 (Deposition Transcript of Edmond Grant, hereinafter "Grant Tr.") at 41:9-15.

**DEFENDANTS' RESPONSE:** Undisputed as to what Mr. Grant testified to in his deposition. Disputed as to the factual nature of the testimony particularly, "in common vernacular" and "[e]veryone interprets a sing in their own way."

4. Grant testified that while the inspiration for the song included commentary on sociological issues, songwriters "find meaning in words and images that those words create." Id. at 41:21-42:18.

**DEFENDANTS' RESPONSE:** Undisputed as to what Mr. Grant testified to in his deposition. Disputed as to the factual nature of the testimony particularly, "in common vernacular" and "[e]veryone interprets a sing in their own way."

5.      Grant testified "[i]t's not specific inasmuch as that there are many Electric Avenues in the world." Id. at 43:9-10.

**DEFENDANTS' RESPONSE:** Undisputed as to what Mr. Grant testified to in his deposition. Disputed as to the factual nature of the testimony, particularly "there are many Electric Avenues in the world."

6.      Plaintiff Greenheart Antigua is a limited company organized and existing under the laws of Antigua and Barbuda with a principal place of business located at 39 Market Street, St. John's, Antigua and Barbuda, West Indies. Id. at ¶¶1-2 and Grant Tr. at 19:4-21:21.

**DEFENDANTS' RESPONSE:** Undisputed.

7.      Greenheart UK is a limited company organized and existing under the laws of United Kingdom with a principal place of business located at 1341 High Road, Whetstone, London N20 9HR. Greenheart UK was formed in 1997 to act as the licensing arm of Greenheart Antigua with respect to Grant's musical works, including but not limited to the Sound Recording. Id.

**DEFENDANTS' RESPONSE:** Undisputed.

8.      Grant is the sole owner of both Greenheart UK and Greenheart Antigua. Id. In or about 1983 Grant assigned all of his rights and interests in the Works to Greenheart Antigua. Id. at ¶4.

**DEFENDANTS' RESPONSE:** Disputed.  Plaintiffs have not produced anything other than a declaration from Mr. Grant to support its contentions. Without any other admissible evidence, these claims are speculative. Fed. R. Evid. 602.

9.      On February 7, 1983, Greenheart Antigua registered the Composition in the United States Copyright Office (the "Copyright Office") under registration number PA0000164029. Id. Exhibit 2.

**DEFENDANTS' RESPONSE:** Undisputed that the document appears to be a printout of records from the U.S. Copyright Office website. Disputed as to the fact that Greenheart Antigua "registered" Plaintiffs sole evidence of registration is a printout of the Copyright Office's public

catalog page. Plaintiffs have not produced, and do not rely on, an actual copyright registration certificate for the Composition, the copyright application for the Composition, or any documents or materials submitted in connection with the copyright application for the Composition. The Copyright Office printout does not prove that Greenheart Antigua was the original copyright applicant.

10. The Sound Recording, which embodies Grant's musical performance of the Composition, was initially released in 1983. Id. at ¶2.

**DEFENDANTS' RESPONSE:** Undisputed.

11. By written agreement with Warner Music UK Limited ("Warner Music") dated May 3, 2001 (the "Warner Music Agreement"), Greenheart UK licensed the copyright in the Recording, among other works, to Warner Music for a territory including the United States for a period of five (5) years from the date of the first release of the Recording in the United Kingdom. Id. Exhibit 4.

**DEFENDANTS' RESPONSE:** Disputed. The agreement in Exhibit 4 purports to license a copyright in the Sound Recording for the purposes of creation, distribution and sale of a greatest hits compilation album for a period of five (5) years from the first release of a sound recording entitled "Electric Avenue – Ringbang Remix by Peter Black" which is defined as a "Single" therein (the "Remix"). The Remix is a wholly different sound recording than the Recording, with different authorship (Peter Black) and is not the subject of this litigation. Grant Decl. Exhibit 4; Id at ¶¶ 1(d).

12. During the term of the Warner Music Agreement, Warner Music's affiliate, London Records, re-released the Recording in 2001 on the album entitled "Eddy Grant: The Greatest Hits" (the "Album"). On March 22, 2002, London Records registered the Album containing the Sound Recording in the Copyright Office under registration number SR0000344006. Id. Exhibit 3.

**DEFENDANTS' RESPONSE:** Undisputed that the document appears to be a printout of records from the U.S. Copyright Office website. Plaintiffs sole evidence of registration is a printout of the Copyright Office's public catalog page.  Plaintiffs have not produced, and do not rely on, an actual copyright registration certificate for the Composition, the copyright application for the Composition, or any documents or materials submitted in connection with the copyright application for the Recording.  Disputed as to the fact that London Records is Warner Music's "affiliate Plaintiffs - cite no evidence for this contention.  Disputed as to the fact that the Recording was "re-released" in 2001 - Plaintiffs cite no evidence for this contention.  Disputed as to the term "re-released."  Disputed as to the statement "registered the Album containing the Recording" – as briefed in Defendants' motion for summary judgment (DKT 100), the copyright registration does not cover the Recording, only the compilation of songs and remixes, which are not the subject of this litigation.

13.     The Warner Music Agreement expired by its terms and/or terminated no later than September 20, 2006, at which point Greenheart UK became the beneficial owner of the SR copyright registration for the Album and Sound Recording. Id. at ¶7.

**DEFENDANTS' RESPONSE:** Disputed.  Disputed as to the expiration of the Warner Music Agreement and Greenheart UK's "beneficial ownership of the SR copyright registration" - Plaintiffs have not produced anything other than a declaration from Mr. Grant to support this contention. Without any other admissible evidence, these claims are speculative. Fed. R. Evid. 602.  Disputed as to the contention that the SR copyright registration covers the Sound Recording "Electric Avenue" that is the subject of this litigation.  as briefed in Defendants' motion for summary judgment (DKT 100), the copyright registration does not cover the Recording, only the compilation of songs and remixes, which are not the subject of this litigation.  Id.  Disputed as to the contention that the SR copyright registration covers the individual sound recordings on the Album published prior to the filing of the copyright

application for the SR copyright registration, including the Sound Recording "Electric Avenue." Id.

14. On July 21, 2008, Greenheart UK licensed the publishing rights in Electric Avenue to EMI Music Publishing Limited ("EMI"). Greenheart Antigua remained the beneficial owner of the Composition copyright and has had the continuing right to receive royalties for the commercial exploitation of the copyright. Further, Greenheart Antigua continued to own the Sound Recording copyright. Id., at ¶8 and Exhibit 5.

**DEFENDANTS' RESPONSE:** Undisputed as to the existence of an agreement licensing publishing rights in Electric Avenue to EMI. Disputed as to the fact that Greenheart Antigua remained the "beneficial owner" of the Composition copyright. Disputed as to the fact that Greenheart Antigua continued to own the Sound Recording copyright, particularly disputed as to any contention that any Plaintiff owned a copyright registration at any point for the Sound Recording. Id.

15. In or about 2018, Sony purchased EMI. Declaration of Brett Van Benthysen dated September 15, 2023 ("Van Benthysen Decl.") Exhibit 12.

**DEFENDANTS' RESPONSE:** Undisputed.

16. On August 29, 2020, Grant confirmed the assignment in 1983 of all his rights and interests, including the copyrights, in and to the Works, to Greenheart Antigua, in an ex post facto written agreement between Grant and Greenheart Antigua. Grant Decl. Exhibit 7.

**DEFENDANTS' RESPONSE:** Undisputed as to the existence of an agreement between Grant and Greenheart Antigua and to the terms on the face of the agreement shown in Grant Decl. Exhibit 7. Disputed as to the rights Grant purported to own, including "the copyrights, in and to the Works," particularly disputed as to any contention that any Plaintiff owned a copyright registration at any point for the Sound Recording. DKT 100.

17.     Plaintiffs have received at times considerable sums of money licensing Electric Avenue. Grant Decl. Exhibits 8, 9, and 10.

**DEFENDANTS' RESPONSE:** Undisputed that Plaintiffs have received licensing revenue from licensing Electric Avenue.  Disputed as to the term "considerable."

18.     Trump was the 45th President of the United States. The Campaign ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Van Benthysen Decl. Exhibit 21 (Deposition Transcript of Donald Trump, hereinafter "Trump Tr.") at 10:23-12:7, Exhibit 22 (Deposition Transcript of Daniel J. Scavino, hereinafter "Scavino Tr.") at 28:18-29:5.

**DEFENDANTS' RESPONSE:** Undisputed.

19.     On August 12, 2020, Daniel Scavino ("Scavino"), who was ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ a 55 second video (the Infringing Video) in which the Sounds Recording, which embodies the Composition, can be heard starting at the 15 second mark and continuing for the duration of the video. Id. Exhibits 13, 14, and 15 (a video file of the Infringing Video); Scavino Tr. at 49:13-51:18.

**DEFENDANTS' RESPONSE:** Disputed as to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Plaintiffs' evidence fails to show that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Undisputed as to the remainder.

20.     Scavino testified that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Scavino Tr. at 55:2- 56:17. He also ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Scavino Tr. at 49:13-51:18.

**DEFENDANTS' RESPONSE:** Disputed.  Disputed as to the term Infringing Video and that the video contained in the Tweet is an infringement (Defendants hereafter shall refer to Plaintiffs defined term "Infringing Video" as the "Tweeted Video" except as in direct quotes from Plaintiffs submissions).  Plaintiffs mischaracterize Mr. Scavino's testimony.  Disputed that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

21.     Trump testified that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮  Trump Tr. at 33:19-34:21, 36:24-37:11. Trump, Scavino, and/or the Campaign never licensed the Works, and Plaintiffs never authorized or consented to Defendants' use of the Works. Grant Decl. at ¶15.

**DEFENDANTS' RESPONSE:** Disputed as to any contention that the Trump, Scavino and/or the Campaign required any license in and to the Works.

22.     The Infringing Video endorses Trump's 2020 presidential re-election campaign to "Keep America Great" (aka "KAG") and attempts to denigrate the Democratic Party's 2020 presidential nominee, Former Vice President Joseph Biden. Van Benthysen Decl. Exhibit 15. The Infringing Video contains a visual depiction of a high-speed red train bearing the words "Trump Pence KAG 2020" in stark contrast to a slow moving handcar bearing the words "Biden President: Your Hair Smells Terrific" being powered by an animated likeness of Former Vice President Biden while out-of-context excerpts of Former Vice President Biden's speeches and interviews are played over the Sound Recording.

**DEFENDANTS' RESPONSE:** Disputed that the Tweeted Video "endorses Trump's 2020 presidential re-election campaign." Plaintiffs cite no evidence to support this contention, which appears to be an opinion.

23.　In 2020 Trump and the Campaign ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. Trump Tr. at 17:1-17; Scavino Tr. at 33:1-34:10.

**DEFENDANTS' RESPONSE:** Undisputed.

24.　Trump and Scavino ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. Trump Tr. at 20:20-21:15, 23:16-24:3; Scavino Tr. at 20:11-21:2, 35:2-38:4; Van Benthysen Decl., Exhibit 18 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.

**DEFENDANTS' RESPONSE:** Disputed as to the term "managed."

25.　Scavino testified that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Scavino Tr. at 25:14-26:17.

**DEFENDANTS' RESPONSE:** Undisputed.

26.　Trump, Scavino, and the Campaign ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. Trump Tr. at 27:20-29:24; Scavino Tr. at 44:5-20.

**DEFENDANTS' RESPONSE:** Disputed. Disputed particularly as to the contention that every ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

27. Trump testified that ███████████████████████████████████████
███████████████████████████████████████. Trump Tr. at 26:5-20.

**DEFENDANTS' RESPONSE:** Disputed.  Plaintiffs mischaracterize President Trump's testimony. ███████████████████████████████████████
███████████████████████████████████████
███

28. Trump testified that ███████████████████████████████████████
███████████. Id. at 44:8-45:12.

**DEFENDANTS' RESPONSE:** Undisputed regarding President Trump's testimony and his recollection at the time of the deposition of events that took place almost 2 years prior. ███████████████████████████████████████

29. When asked ███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████ Id. at 42:8-25, 44:2-7.

**DEFENDANTS' RESPONSE:** Undisputed as to President Trump's testimony and his recollection at the time of the deposition of events that took place almost 2 years prior. ███████████████████████████████████████
███████████████████████

30. Scavino testified that ███████████████████████████████████████
███████████████████████████████████████.
Scavino Tr. at 40:11-14, 52:15-18.

11

**DEFENDANTS' RESPONSE:** Undisputed.

31. Scavino testified that ███████████████████████████████
███████████████████████████████████████████. Id. at 39:15-40:1, 40:19-41:3.

**DEFENDANTS' RESPONSE:** Undisputed as to Mr. Scavino's testimony and his recollection. Disputed as to the contention that there was ███████████████████████████
███████████████████████████████████.

32. Scavino also testified that ████████████████████████████████
████████████████████████████████████████████████████████████
███████████████████████████████████. Id. at 64:14-65:19.

**DEFENDANTS' RESPONSE:** Undisputed.

33. Trump ██████████████████████████████████████████████████.
Id. at 76:15-18.

**DEFENDANTS' RESPONSE:** Undisputed.

34. Scavino testified that "████████████████████████████████████
█████████████████████ Id. at 66:12-67:18.

**DEFENDANTS' RESPONSE:** Undisputed.

35. The Infringing Video ████████████████████████████████████
████████████████ Trump Tr. at 20:10-19.

**DEFENDANTS' RESPONSE:** Disputed that the Video was ████████████████████.
Undisputed that the Tweet was posted to Trump's Twitter account @realDonaldTrump █████
████████████████████████████████████████████.

36. According to Twitter, the Infringing Video has been viewed more than 13.7 million times. Van Benthysen Decl. Exhibits 13 and 14. The Tweet containing the Infringing Video has been "liked" more than 350,000 times, re-tweeted more than 139,000 times, and has received close to 50,000 comments. Id.

12

**DEFENDANTS' RESPONSE:** Undisputed.

37. By letter dated August 13, 2020 (the "Cease and Desist Letter"), Plaintiffs, through their counsel, advised Defendants of Plaintiffs' beneficial copyright ownership in the Works and Defendants' unauthorized uses thereof in connection with the Infringing Video, and demanded that Defendants cease and desist from any further infringing conduct. Grant Decl. Exhibit 6.

**DEFENDANTS' RESPONSE:** Undisputed as to the fact that the Cease and Desist Letter was written by Plaintiffs' counsel and sent via first class mail to "Donald J. Trump for President, Inc., c/o Trump Tower, 725 5th Avenue, New York, New York 10022," an address purportedly found after Plaintiffs' counsel "searched the internet for an address for President Trump and/or Trump for President to mail the letter" and using no tracking or verification method to confirm receipt of the letter.  Disputed that the Cease and Desist Letter was ever received or reviewed by Defendants and/or their representatives.  Defendants further dispute the fact that the letter "advised" Defendants of anything, and that the Cease and Desist Letter sent by an attorney in 2020 only via first class mail with no verification (not by email, through Twitter, to the White House nor to the @realDonaldTrump twitter account) purporting to alert a then-sitting President of the United States of a potential infringement based on a single Tweet out of tens of thousands posted to the @realDonaldTrump Twitter account qualifies as a notification of any kind, let alone a cease and desist letter.  Kasner Decl. Exhibit F.

38. Defendants failed and/or refused to comply with Plaintiffs' demands set forth in the Cease and Desist Letter, and specifically did not cease and desist from using the Infringing Video as requested. As of September 1, 2020, the date the Complaint was filed, neither the Infringing Video nor the Tweet containing the Infringing Video had been removed from Twitter. Van Benthysen Decl. Exhibit 19.

**DEFENDANTS' RESPONSE:** Disputed, see response to ¶ 37 above.  Disputed as to any contention that Defendants "refused" to comply with Plaintiffs' demands and to the extent that

13

any notice whatsoever of Plaintiffs claims were ever effectively communicated to Defendants. Id.

39. On August 13, 2020, Plaintiffs also sent Twitter a notice to remove the Tweet and Infringing Video. Van Benthysen Decl. Exhibit 16.

**DEFENDANTS' RESPONSE:** Undisputed.

40. As of September 1, 2022, Twitter had not removed the Tweet or Infringing Video. Id. Exhibit 19 at GRANT0293.

**DEFENDANTS' RESPONSE:** Undisputed.

41. On September 1, 2022, Plaintiffs filed their Complaint against Defendants. Id. Exhibit 17.

**DEFENDANTS' RESPONSE:** Undisputed.

42. On November 11, 2020, Defendants moved to dismiss the Complaint on the ground that the use of the Works constituted a fair use, a complete defense against any claim for infringement. ECF Doc. No. 19.

**DEFENDANTS' RESPONSE:** Undisputed.

43. On September 28, 2021, the Court issued an Order and Opinion denying Defendants' motion in its entirety. Grant v. Trump, 563 F. Supp. 3d. 278, 282 (S.D.N.Y. 2021).

**DEFENDANTS' RESPONSE:** Undisputed.

44. On October 19, 2021, Defendants filed their Answer. Van Benthysen Decl. Exhibit

**DEFENDANTS' RESPONSE:** Undisputed.

45. Defendants could not produce a 30(b)(6) witness for the Campaign. Id. at ¶14 and Exhibit

**DEFENDANTS' RESPONSE:** Undisputed.

**SECTION II: <u>DEFENDANTS' STATEMENT OF ADDITIONAL MATERIAL FACTS</u>**

In accordance with Local Civ. R. 56.1, Defendants propound the following additional statement of material facts. In addition to the facts set forth below, Defendant incorporates by reference its Statement of Undisputed Material Facts In Support of Their Motion for Partial Summary Judgment (Dkt. 101), and, unless otherwise noted, the defined terms used therein.

46. Grant testified: "[t]he bottom line of the [S]ong is that it is a protest against social conditions." (Declaration of Jason Kasner in Support of Defendants' Opposition to Plaintiffs' Motion for Summary Judgment ("Kasner Opp. Decl."), ¶ 2, Ex. 1 ("Grant Tr.") at 42:14-16).

47. While negotiations with potential licensees of the Song are handled through third-parties, Grant testified that there is "a tacit agreement between us that they will not ever license anything without my express consent – written consent." (Grant Tr. 58:4-7).

48. Over the years, Plaintiffs have licensed the Song for use in product advertising, feature motion pictures, and television shows. (Kasner Opp. Decl. ¶ 3).

49. Plaintiffs have never licensed the Song for use by a political campaign. (*Id.*)

50. Grant testified that he had no intention of ever licensing the song for use by a political campaign, stating: "I did not write the song to gain Donald Trump or any other person political capital." (Grant Tr. 138:5-7).

51. Mr. Grant further testified that he that he has been able to license the Song since the time of the tweet from President Trump's Twitter account. (*Id.* 142:6-11).

52. Grant admitted that he did not know whether the Video impaired his ability to license the Song. (Grant Tr. 141:18-21)

15

Respectfully submitted,

Dated: New York, New York
October 6, 2023

/s/ *Jason H. Kasner*
Mark I. Peroff
mark.peroff@peroffsaunders.com
Jason H. Kasner
jkasner@peroffsaunders.com
PEROFF SAUNDERS P.C.
745 5th Avenue | Suite 500
New York, NY 10151
Tel: 646.898.2030

*Attorneys for Defendants*
*Donald J. Trump and Donald J. Trump for President, Inc.*