UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EDMOND GRANT P/K/A "EDDY GRANT", GREENHEART MUSIC LIMITED, a United Kingdom Limited Company, and GREENHEART MUSIC LIMITED, an Antigua and Barbuda Limited Company,<br><br>       Plaintiffs,<br><br>  – against –<br><br>DONALD J. TRUMP and DONALD J. TRUMP FOR PRESIDENT, INC.,<br><br>       Defendants. | Civil Action No. 1:20-cv-07103-JGK |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS'
<u>STATEMENT OF UNDISPUTED MATERIAL FACTS</u>**

Pursuant to Rule 56.1(a) of the Local Rules of the United States District Court for the Southern District of New York, Plaintiffs Edmond Grant ("Grant"), Greenheart Music Limited, a United Kingdom Limited Company ("Greenheart UK") and Greenheart Music Limited, an Antigua and Barbuda Limited Company ("Greenheart Antigua," and together with Greenheart UK and Grant, "Plaintiffs") respectfully submit the following Opposition ("Opposition") to Defendants' Donald J. Trump ("Trump") and Donald J. Trump for President, Inc. (the "Campaign," and together with Trump, "Defendants") Statements of Undisputed Material Facts ("SOMF"), in the following numbered paragraphs that correspond to the SOMF, which Plaintiffs contend warrant judgment as a matter of law in Plaintiffs favor and thus Defendants' motion should be denied:

Plaintiffs deny the statements contained in the SOMF to the extent the statements are incomplete because they omit relevant facts or are intended to imply facts that Defendants do not support with admissible evidence.

1.      Plaintiffs admit that Plaintiffs allege that Grant wrote, recorded and produced the 3-minute-48 second song entitled "Electric Avenue."  ECF Doc. No. 1 at ¶9.

2.      Plaintiffs admit that Grant signed a "Confirmatory Assignment of RIGHTS UNDER COPYRIGHT," dated August 29, 2020 (the "Confirmatory Assignment") and composed the musical composition of "Electric Avenue" (the "Composition") in 1983.  Declaration of Jason Kasner dated September 15, 2023 ("Kasner Decl.") ¶2, Ex. A.

3.      Plaintiffs admit that according to the Confirmatory Assignment, Grant "produced and performed on a sound recording of the Composition" in or about 1983 (the "Sound Recording").  *Id*.

1

4.      Plaintiffs admit that the Sound Recording was released to the public in the United States in or about 1983.  ECF Doc. No. 1 at ¶25.

5.      Plaintiffs admit that on or about February 2, 1983 the Composition was registered in the United States Copyright Office (the "Copyright Office") under Registration Number PA0000164029 (the "PA Registration").  Kasner Decl. ¶2, Ex. B.

6.      Plaintiffs deny that Plaintiffs registered the album "Eddy Grant: the greatest hits" (the "Album") in the Copyright Office.  On March 22, 2002, London Records registered the Album containing the Sound Recording in the Copyright Office under registration number SR0000344006.  *Id.* Exhibit C.  The agreement under which London Records licensed the Sound Recording expired by its terms and/or terminated no later than September 20, 2006, at which point Greenheart UK became the beneficial owner of the SR copyright registration for the Album and Sound Recording.  Declaration of Edmond Grant dated September 15, 2023, ("Grant Decl.") at ¶7.[1]

7.      Plaintiffs admit that the field "Authorship on Application" for the SR Registration states: "compilation of recordings, artwork: Greenheart Music, Ltd., employer for hire," but deny that the identification of the registration as a compilation prohibits the registration from covering the Sound Recording.  Kasner Decl. Exhibit C; *Morris v. Business Concepts, Inc.*, 283 F.3d 502, 505 (2d Cir. 2002); *Streetwise Maps, Inc. v. VanDam, Inc.*, 159 F.3d 739, 747 (2d Cir. 1998).  Moreover, "[m]inor mistakes in a registration statement, made in good faith and unaccompanied by deceptive intent, will not serve to invalidate registration."  *Greenwich Film Productions, S.A.*

---

[1] Mr. Grant's Declaration and exhibits are part of the existing record in support of Plaintiffs' Motion for Summary Judgment.  ECF Doc. No. 107.

*v. DRG Records, Inc.*, 833 F.Supp. 248, 252 (S.D.N.Y. 1993) *citing Gund, Inc. v. Swank, Inc.*, 673 F.Supp. 1233, 1273 (S.D.N.Y.1987).

8.    Plaintiffs admit that the field "Previous Registration" for the SR Registration states: "Recordings Preexisting," but deny that the identification of the registration as a compilation prohibits the registration from covering the Sound Recording.  *See* Opposition as ¶7.

9.    Plaintiffs admit that the field "Basis of Claim" for the SR Registration states: "New Matter: compilation of recordings, remixed sounds, & photography," but deny that the identification of the registration as a compilation prohibits the registration from covering the Sound Recording.  *See* Opposition as ¶7.

10.    Plaintiffs admit that paragraph 10 of the SOMF contains an excerpt of Plaintiffs' Responses and Objections to Defendants' Fourth Set of Interrogatories to Plaintiffs [Nos. 15-25], including that "The Recording is contained on the album."  Pursuant to well settled Second Circuit case law, where a claimant seeks to register multiple constituent works as part of a collection, and "all rights [in the constituent work] have been transferred to the claimant, then the constituent work is included in the registration of the collective work."  *Morris*, 283 F.3d at 505.  This is the law even where the certificate relates to pre-existing works.  *Streetwise Maps,*, 159 F.3d at 747.

11.    Plaintiffs admit that the SR Registration and PA Registration cover the copyrights in "Electric Avenue" that Defendants infringed.  Kasner Decl. Exhibits B and C.

12.    Plaintiffs deny that actual copyright registration certificates or deposit materials submitted in connection with the registration are required to prove copyright infringement.  Copies of the registration information displayed on the Copyright Office website is sufficient to demonstrate ownership.  A court is permitted to take judicial notice of federal copyright registrations published in the Copyright Office's registry.  *Island Software & Computer Serv., Inc.*

*v. Microsoft Corp.*, 413 F.3d 257, 261 (2d Cir. 2005); *Schwartzwald v. Zealot Networks, Inc.*, 2020 WL 8187749, at *2 (E.D.N.Y. Dec. 27, 2020), report and recommendation adopted, 2021 WL 173996 (E.D.N.Y. Jan. 19, 2021).

13.    Plaintiffs admit that Plaintiffs assert that on August 12, 2020, President Trump published a tweet (the "Tweet") from his personal Twitter account. The Tweet contained a 55-second animated video (the "Animation"), which included the alleged unauthorized use of 40 seconds of "Electric Avenue."  ECF Doc. No. 1, at ¶¶35, 38-40.

14.    Plaintiffs admit that Plaintiffs alleged in the Complaint that the Animation was *inter alia* "a campaign video deriding the Democratic Party's 2020 nominee for President, Former Vice President Joseph Biden" and as "clearly an attempt to denigrate the Democratic Party's 2020 presidential nominee, Former Vice President Joseph Biden."  Plaintiffs further admit that Plaintiffs alleged that the Animation *inter alia* "appears to be an endorsement of [President] Trump's 2020 presidential re-election campaign to 'Keep America Great' (aka 'KAG')."  ECF Doc. No. 1 ¶¶1, 36-37.

15.    Plaintiffs admit that on or about August 13, 2020, Grant's counsel, Wallace E.J. Collins, III, Esq. sent a takedown notice to Twitter demanding that the Tweet be removed.  Kasner Decl. ¶7, Ex. F at 4.

16.    Plaintiffs deny that Twitter removed the Tweet as of September 1, 2020.  On September 1, 2020, Twitter told Mr. Collins that the information he provided was insufficient to remove the Tweet.  Declaration of Brett Van Benthysen dated September 15, 2023 ("Van

Benthysen Decl."), Exhibit 19 (ECF Doc. No. 108-8).[2]

17.     Plaintiffs admit that on the same day Mr. Collins sent the takedown notice to Twitter, he mailed a cease-and-desist letter to Defendants at an address (or addresses) he found on the internet, and that Mr. Collins stated that he did not use any tracking or verification delivery method for the cease-and-desist letter, but the letter was never returned as undeliverable.  Kasner Decl. ¶6, Ex. F at ¶¶5-8.

18.     Plaintiffs admit that on September 1, 2020, Plaintiffs filed a Complaint that asserted claims of copyright infringement of the Composition and Sound Recording against Defendants and that printouts of records from the U.S. Copyright Office that evidenced the registration of the copyrights for the Composition and Sound Recording were attached.  ECF Doc. No. 1 ¶¶ 54-71, Exhibits A and B.

19.     Plaintiffs admit that Defendants moved to dismiss the Complaint in its entirety on the grounds that use of the Electric Avenue in the Animation was a fair use and that the Court denied Defendants' motion.  ECF Doc. Nos. 18, 48.

Dated:  October 6, 2023

Respectfully submitted,

By:  s/ Brett Van Benthysen
 Brian D. Caplan
 Robert W. Clarida
 Brett Van Benthysen
 Reitler Kailas & Rosenblatt LLP
 885 Third Avenue, 20th Floor
 New York, New York 10022
 bcaplan@reitlerlaw.com
 rclarida@reitlerlaw.com
 bvanbenthysen@reitlerlaw.com

---

[2] Mr. Van Benthysen's Declaration and exhibits are part of the existing record in support of Plaintiffs' Motion for Summary Judgment.  ECF Doc. No. 108.

*Attorneys for Plaintiffs*