

Brett Van Benthysen
Direct Dial: (212) 209-3045
Email Address: bvanbenthysen@reitlerlaw.com

October 13, 2023

**VIA ECF**
The Honorable John G. Koeltl
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re: **_Grant v. Trump, et al._, No. 1:20-cv-07103-JGK**

Dear Judge Koeltl:

    We are counsel for plaintiffs Edmond Grant p/k/a Eddy Grant and Greenheart Music Ltd. ("Plaintiffs") in the above-referenced action against defendants Donald J. Trump ("Trump") and Donald J. Trump for President, Inc. ("Defendants"). We write pursuant to the Court Order dated September 23, 2023 (ECF Doc. No. 112) and in response to Defendants' letter dated October 6, 2023. Plaintiffs oppose the continued sealing and pervasive redactions of the excerpts from the deposition transcript of President Donald J. Trump (attached as Exhibit A-1 to Defendants' letter), excerpts from the deposition transcript of Daniel J. Scavino, Jr. (attached as Exhibit B-1 of Defendants' letter), and an email between representatives of the Defendants (attached as Exhibit C-1 to Defendants' letter) (hereinafter, the "Disputed Exhibits").

    Defendants have abandoned the argument that Mr. Trump appeared at a deposition on the condition that the transcript would remain confidential. Rather, Defendants argue for the continued sealing of the Disputed Exhibits or in the alternative heavy redactions of the same based on a First Amended privilege. When faced with a constitutional challenge to a disclosure requirement, courts "balance the burdens imposed on individuals and associations against the significance of the government interest in disclosure and consider the degree to which the government has tailored the disclosure requirement to serve its interests. Am. Fed'n of Lab. & Cong. of Indus. Organizations v. Fed. Election Comm'n, 333 F.3d 168, 176 (D.C. Cir. 2003). However, there is no government disclosure requirement as issue in this case. Accordingly, Defendants' reliance on case law where government action was compelling a party to disclose political association or membership is inapplicable. Perry v. Schwarzenegger, 591 F.3d 1147, 1160 (9th Cir. 2010); Gueye v. Mike Bloomberg 2020 Inc., 2021 WL 3910331, at *2 (N.D. Tex. Feb. 26, 2021); Republican Nat'l Comm. v. Pelosi, 602 F. Supp. 3d 1, 33 (D.D.C. 2022), vacated, 2022 WL 4349778 (D.C. Cir. Sept. 16, 2022).

**New York**
885 Third Avenue, 20th Floor
New York, NY 10022
Main: 212-209-3050

**Princeton**
4 Independence Way, Suite 120
Princeton, NJ 08540
Main: 609-514-1500

**Los Angeles**
227 Broadway, Suite 302
Santa Monica, CA 90401
Main: 310-337-2305

382790                      www.reitlerlaw.com

Hon. John G. Koeltl
October 13, 2023
Page 2

Further, even if Defendants identified the correct standard of review, they do not satisfy it. According to the Ninth Circuit, a First Amendment infringement claim requires prima facie evidence that compelled disclosure "will result in (1) harassment, membership withdrawal, or discouragement of new members, or (2) other consequences which objectively suggest an impact on, or 'chilling' of, the members' associational rights." Perry, 591 F.3d at 1163. These issues are simply not applicable to the current litigation which concerns Defendants' willful and unauthorized taking of Plaintiff's intellectual property. Moreover, where government compelled disclosure is at issue Courts require sworn statements attesting to the impact of such disclosure. Id.; Gueye, 2021 WL 3910331, at *2. Defendants present no such evidence. Finally, in Gueye the court rejected an argument that "information related to political campaign . . . operations," should be shielded from discovery. 2021 WL 3910331, at *2.

In light of the common law presumption in favor of public access, questions concerning whether materials should remained sealed are subject to a three part analysis. First, "a Court must determine whether the document is in fact a judicial document. Next, the Court must determine the strength of the presumption that attaches to the document in question. Finally, the Court must determine whether competing considerations outweigh the presumption that attaches to the document." Olson v. Major League Baseball, 466 F. Supp. 3d 450, 454 (S.D.N.Y. 2020), aff'd, 29 F.4th 59 (2d Cir. 2022) citing Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119 (2d Cir. 2006).

As a matter of law, documents submitted at summary judgment, like the Disputed Exhibits, are judicial documents. Lugosch, 435 F.3d at 121, 123.

Further, the presumption of access is strong. Id. ("documents used by parties moving for, or opposing, summary judgment should not remain under seal absent the most compelling reasons"); BAT LLC v. TD Bank N.A., 2022 WL 18997607, at *1 (E.D.N.Y. Aug. 5, 2022); United States v. Avenatti, 550 F.Supp.3d 36, 45 (S.D.N.Y. 2021) ("weight of the common law presumption is strongest for matters that directly affect an adjudication") (quotations omitted).[1]

There are also no competing considerations that warrant further sealing of the Disputed Exhibits. President Trump's 2020 presidential campaign is over and while he may be seeking re-election, discussions concerning events that transpired before his new re-election campaign started do not pose a risk to current campaign matters. The Disputed Exhibits concerning events related to August and September of 2020.

---

[1] Where a First Amendment presumption of access also exists, the right to access is even greater, and "continued sealing of the documents may be justified only with specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim." Avenatti, 550 F.Supp.3d at 45. The First Amendment presumptive right of access applies to civil actions. Newsday LLC v. Cnty. of Nassau, 730 F.3d 156, 163 (2d Cir. 2013). Defendants do not satisfy this heightened burden.

Hon. John G. Koeltl
October 13, 2023
Page 3

      Moreover, Defendants' proposed redactions to the Disputed Exhibits do not protect from public access "inner workings of President Trump's 2020 presidential campaign" or the "internal affairs of a political organization" as Defendants contend.  The redactions primarily concern details of Mr. Trump's and Mr. Scavino's access to and use of Twitter and drafting Tweets, which is already in the public record and not confidential or sensitive.  Exhibits 1, 2, and 3 at page 2 (identifying Mr. Scavino as having knowledge of Mr. Trump's social medial accounts and the alleged infringing Tweet).  Other redactions concern the alleged infringing tweet at issue and steps that Defendants took to clear copyrighted works in the past.  The redactions do not concern political strategy or campaign workings.

      Finally, Defendants argue that Plaintiffs are seeking to disseminate information unrelated to the litigation and cite to Louis Vuitton Malletier, S.A. v. Hyundai Motor Am., 2012 WL 1022258, at *1 (S.D.N.Y. Mar. 22, 2012).  To the contrary, this case is unlike Louis Vuitton because Defendants seek to redact the very passages from the Disputed Exhibits on which Plaintiffs rely to support their motion for summary judgment.  Defendants' proposed redactions will ensure that the public will "be deprived of its right to know how the Court reaches its conclusions."  For example, a comparison between pages 5 and 6 of Plaintiffs' Memorandum of Law in Support of Summary Judgment and Defendants' proposed redactions to pages 17, 20-29, 33-37, 42, and 44-45 of Mr. Trump's transcript demonstrates that Defendants wish to keep hidden the same materials that Plaintiff intend to use to prove their infringement claims.

      For the reasons stated herein, the Disputed Exhibits should not continue to be sealed, and the Defendants' proposed redactions should be rejected.  Plaintiffs do not challenge redactions to the names of other individuals mentioned in the Disputed Exhibits.

      We thank the Courts for its attention to this matter.

                                       Respectfully submitted,

                                       *s/ Brett Van Benthysen*
                                       Brett Van Benthysen

Enclosures

cc:      All Counsel of Record (via ECF)