UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
EDMOND GRANT                                               :
P/K/A "Eddy Grant," et al.                                 :
                                                           :
                            Plaintiffs,                    :   1:20-CV-7103 (JGK)
                                                           :
-v-                                                        :
                                                           :
DONALD J. TRUMP, et al.                                    :
                                                           :
                            Defendant.                     :
------------------------------------------------------------ X

**RESPONSE TO PLAINTIFF'S SUPPLEMENTAL MEMORANDUM OF LAW**

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................. I

TABLE OF AUTHORITIES ......................................................................................... II

ARGUMENT ................................................................................................................. 2

    I.    London Records did not own all the rights in "Electric Avenue." ............. 2

    II.   The London Records registration was not for a collective work, and it did not include "Electric Avenue." .................................................................. 3

CONCLUSION ............................................................................................................. 8

CERTIFICATE OF COMPLIANCE ........................................................................... 10

CERTIFICATE OF SERVICE ..................................................................................... 11

# TABLE OF AUTHORITIES

**Cases**

*Bartok v. Boosey & Hawkes, Inc.,*
  523 F.2d 941 (2d Cir.1975) .................................................................................................. 6

*Fourth Estate Public Benefit Corp. v. Wall-Street.com, LLC,*
  586 U.S. --, 139 S. Ct. 881 (2019) ........................................................................................ 8

*McLaren v. Chico's FAS, Inc.,*
  No. 10 Civ. 2481 (S.D.N.Y. Nov. 9, 2010) ........................................................................... 6

*Morris v. Bus. Concepts, Inc.,*
  283 F.3d 502 (2d Cir. 2002) ............................................................................................. 2, 6

*Sohm v. Scholastic Inc.,*
  959 F.3d 39 (2d Cir. 2020) .................................................................................................... 8

*Streetwise Maps, Inc. v. VanDam, Inc.,*
  159 F.3d 739 (2d Cir. 1998) .................................................................................................. 2

*United States v. Mead Corp.,*
  533 U.S. 218 (2001) .............................................................................................................. 6

*Woods v. Universal City Studios, Inc.,*
  920 F. Supp. 62 (S.D.N.Y. 1996) .......................................................................................... 6

**Statutes**

17 U.S.C. § 408(a) ...................................................................................................................... 3

17 U.S.C. § 411(a) ...................................................................................................................... 8

**Other Authorities**

2 Nimmer on Copyright § 7.16 [B][2] (1997) ............................................................................ 5

United States Copyright Office, *Copyright Registration for Sound Recordings*
  Circular 56, Revised March 2021 (https://www.copyright.gov/circs/circ56.pdf) .... 7

Plaintiffs continually fail to present any evidence that they registered the Sound Recording with the copyright office prior to registration of the compilation work by London Records in 2001. Despite this uncontested fact, Plaintiffs claim the registration of a *compiled* work includes the work "Electric Avenue," despite London Records never owning all of the rights in "Electric Avenue," the registration specifically limiting itself to "New Matter: compilation of recordings, remixed sounds & photography," and the registration specifically disclaiming "preexisting" recordings. In addition, under the field "Authorship on Application," the SR Registration lists "compilation of recordings, artwork: Greenheart Music, Ltd., employer for hire," which is not London Records.

Plaintiffs incorrectly argue that because the compilation includes the previously published song, "Electric Avenue," and that they are the authors of both works, the SR Registration affords copyright protection for "Electric Avenue." In their supplemental brief, Plaintiffs admit that London Records did not own *all* rights: "the Agreement granted London Records the exclusive license to 'exploit' Electric Avenue in the World (*excluding* only the United Kingdom and Ireland, Africa and the Caribbean)." By their own admission, it was an incomplete right and, moreover, it was only a license (a license only for the compiled work, not the specific underlying work, which was not registered with the copyright office at that time) and not an assignment of the copyright such that London Records could register the copyright in "Electric Avenue." Therefore, the questions presented by the Court are answered in

1

the negative, and the Court should grant Defendant's partial motion for summary judgment.

## ARGUMENT

I. **London Records did not own all the rights in "Electric Avenue."**

Plaintiffs' supplemental brief avoids the difference between the Copyright Act and the caselaw underlying *Morris v. Bus. Concepts, Inc.*—the critical issue identified by this Court and the purpose of the Court's invitation for additional briefing. In *Morris,* as in this case, the court considered whether a later action that was not specifically in conformity with the Copyright Act might nevertheless be sufficient to provide a copyright. *See Morris v. Bus. Concepts, Inc.*, 283 F.3d 502 (2d Cir. 2002). Plaintiffs' return to the Copyright Act instead of engaging with the Second Circuit's reasoning in *Morris* is, therefore, fatal to their argument.

In *Morris,* the Second Circuit considered whether it should apply its prior reasoning in *Streetwise Maps, Inc. v. VanDam, Inc.*, 159 F.3d 739, 747 (2d Cir. 1998), allowing an infringement suit over use of an original work due to the copyright of a derivative work. *Morris*, 283 F.3d at 505. Ultimately, the Second Circuit declined to apply *Streetwise* because the plaintiff in *Morris* did not demonstrate that it owned *all* the rights in the original work. *Id.* at 505–06.

The instant action is akin to *Morris*. London Records did *not* own *all* of the rights in "Electric Avenue." While the exclusive right to the use of the compiled work for a period of time could be registered with the patent office, it did not transfer all of the rights in "Electric Avenue" to London Records. At most, this right of use

2

transferred the license to use "Electric Avenue" exclusively for a period of time, which is substantially less than the entire copyright. At a minimum, this is not a transfer of all rights in "Electric Avenue," such as there was in *Streetwise.*

Therefore, like *Morris,* Plaintiffs' claim must fail as to the Song Recording. Plaintiffs also do not address that 17 U.S.C. § 408(a) specifically allows either the copyright holder or anyone holding an exclusive interest to register. This is distinguishable from the question presented in *Streetwise* and *Morris*, where the Second Circuit addressed not whether the plaintiff could register but whether the plaintiff owned the entire bundle of interests. The answer to that question in this case is no. Moreover, like in *Morris,* Plaintiffs here failed to register their own copyright in the Sound Recording. This failure requires the Court to apply and discern the *Streetwise* and *Morris* holdings and not the Copyright Act for the resolution of this issue.

## II. The London Records registration was not for a collective work, and it did not include "Electric Avenue."

Plaintiffs admit the album at issue was a compilation. *See* Dkt. No. 137 at 2 ("The Agreement concerned the delivery by Plaintiffs to Warner Music of 16 recordings (the "Recordings"), that included the Sound Recording to be released on the Album, which was a *compilation* album. *Id.* Exhibit 4 at page 1 and Schedule B (track listing 15)" (emphasis added)). Plaintiffs re-argue that a "collective work" is a "compilation" but still fail to dispute—or even address—the axiomatic principle that

3

the scope of the registration determines whether the registration covers an allegedly infringed work. Dkt. No. 100 at 7; Dkt. No. 124 at 2.

Plaintiffs finally mention the specific claims under the SR Registration filed by London Records, which expressly states that the registration is for a "compilation" in the "authorship" field and expressly disclaims any "preexisting" recordings from the registration. Dkt. No. 100 at 7–9; Dkt. No. 124 at 2–6. Plaintiffs argue, for the first time in their supplemental brief, that the inclusion of the note about preexisting records does not exclude them.

Yet, Plaintiffs rely on a copyright registration for the compilation work "Eddy Grant: the greatest hits" under registration number SR000344006. (Kasner Decl. ¶ 3, Ex. B; *see also* Dkt. No. 1, Compl. ¶ 22, Ex. A). The records Plaintiffs produced from the Copyright Office show that the basis of the claim for copyrighted material covered by the SR Registration was: "New Matter: compilation of recordings, remixed sounds & photography." *Id.* Similarly, under the field "Authorship on Application," the SR Registration lists "compilation of recordings, artwork: Greenheart Music, Ltd., employer for fire." *Id.* The works excluded from the Compilation Registration designated under "Previous Registration" state: "Recordings preexisting," which clearly includes the previously published sound recording for the Song. *Id.*

Plaintiffs confusingly suggest that the excerpt from Nimmer previously cited by Defendants supports their position. Dkt. No. 137 at 7. They do not, however, provide the entire quote, which does not support their position:

4

> An even more straightforward application of the same principle emerges to the extent that the facts are altered further, such that a registration for a collective work consisting of multiple components deals not with pre-existing components, but with wholly original material. This situation could emerge, for example, by virtue of producing a record album that collects not old songs, but instead, entirely original compositions. In that circumstance, plaintiff's registration for the entire album suffices to protect each of plaintiff's songs included therein, notwithstanding that not every song title may be listed in the registration certificate.

2 Nimmer on Copyright § 7.16 [B][2] (1997). This example illustrates when the songs on an album are "wholly new," they may be protected by the single registration of the collective work. This is not the situation here. The works are old and, therefore, not "wholly new." Instead, Plaintiffs rely upon a different section of the treatise, which actually undermines their argument.

The section cited by Plaintiffs states that when a copyright owner of a derivative or collective work is not merely a licensee of that work, the registration of the derivative or collective work may allow an infringement action. *See* Dkt. 137 at 7 (citing 2 Nimmer of Copyright § 7.16[B][5][c] (Matthew Bender Rev. Ed. 2021)). This position is inapposite to the issue at hand, namely: whether registration of an album with old songs on it is sufficient to register the songs. That position, instead, addresses the prior question, and further undermines Plaintiffs' position since London Records, in accord with the parties' admissions, was only a licensee to an exclusive right.

Contrary to Plaintiffs' suggestion, Defendants previously relied on *Woods v. Universal City Studios, Inc.*, 920 F. Supp. 62 (S.D.N.Y. 1996), for the proposition that

5

it does not alter the position of the Copyright Office that the registration of a compilation covers only previously unpublished component parts. *Compare* Dkt No. 137 at 6, *with* Dkt. No 124 at 4. Moreover, Plaintiffs incorrectly alleged that *McLaren v. Chico's FAS, Inc.*, No. 10 Civ. 2481, at *1 (S.D.N.Y. Nov. 9, 2010), contradicts Second Circuit caselaw. *McLaren* is in alignment with the Nimmer excerpt, which requires wholly new works to extend registration to component parts, and the caselaw, which requires total ownership of all the interests in both the original and collective work to merge the interests.

Plaintiffs next dispute Defendants' referral to the *Compendium,* but *Morris* "recognize[d] that [while] 'the Copyright Office has no authority to give opinions or define legal terms, and [that] its interpretation on an issue never before decided should not be given controlling weight,' *Bartok v. Boosey & Hawkes, Inc.,* 523 F.2d 941, 946–47 (2d Cir.1975)," sometimes "we find the Office's interpretation persuasive." *Morris*, 283 F.3d at 505 (citing *United States v. Mead Corp.,* 533 U.S. 218 (2001)). In this instance, the Copyright offices' materials are persuasive. The Second Circuit has found that the scope of registration is the determining factor for coverage of an allegedly infringed work, and the Compendium provides important insight into the meaning of the information provided on the registration. *See* Dkt. No. 100 at 7–11. Without fully iterating prior argument briefed by Defendants, this illustrative example is provided: Copyright Office's Circular 56 clearly explains the distinction in the context of sound recordings with the following examples:

6

> This year, the Oldies Recording Company published a "best of" album titled "Greatest Hits from the Age of Aquarius" featuring sound recordings originally published in the late 1960s. The Oldies Recording Company may register "Greatest Hits from the Age of Aquarius" as a collective work. The registration will cover the authorship involved in creating the album as a whole, but will not cover the individual sound recordings because they were previously published.

By contrast:

> ABC Records, Inc., publishes a new album containing twelve new tracks that were never before published. ABC Records owns the copyright in both the album and the individual tracks. ABC Records may register the album as a collective work. The registration will cover both the album and the sound recordings because the copyright in both the sound recordings and the album are owned by the same party. [Kasner Decl. ¶ 11, Ex. J at 5-6].

United States Copyright Office, *Copyright Registration for Sound Recordings* CIRCULAR 56, Revised March 2021, at 5–6 (https://www.copyright.gov/circs/circ56.pdf). The SR Registration fits squarely within the earlier of these fact patterns, and hence, it does not cover the sound recording of the Song.

Therefore, London Records expressly chose to register a compilation rather than a collective work and specifically chose to exclude preexisting works, such as "Electric Avenue," which was admittedly released in 1983. Accordingly, the registration submitted by London Records does not include the registration of "Electric Avenue" or cure Plaintiffs' failure to register the Song Recording themselves.

Finally, Plaintiffs claim that they have belatedly filed for a registration of the Sound Recording, tacitly admitting that they never had one at all. Contrary to Plaintiffs' claim that *Woods* makes this enforceable, it does not. As provided in

7

17 U.S.C. § 411(a), "no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with [the Copyright Act]." As the Supreme Court has observed, "although an owner's rights exist apart from registration, registration is akin to an administrative exhaustion requirement that the owner must satisfy before suing to enforce ownership rights." *Fourth Estate Public Benefit Corp. v. Wall-Street.com, LLC*, 586 U.S. --, 139 S. Ct. 881, 887 (2019) (citations omitted). Thus, "without a valid copyright registration, a plaintiff cannot bring a viable copyright infringement action." *Sohm v. Scholastic Inc.*, 959 F.3d 39, 53 (2d Cir. 2020). This case must be dismissed on this ground as an administrative remedy was not exhausted. Because the statute of limitations has now passed, no new plea can resuscitate the claims.

## CONCLUSION

For the foregoing reasons, as well as those in the briefing on both Defendants' Partial Motion for Summary Judgment and on Plaintiffs' Motion for Summary Judgment, this Court should deny Plaintiffs' Motion in its entirety and grant Defendants' partial motion.

Dated:  August 23, 2024                              Respectfully submitted,
        Alexandria, Virginia

                                                     /s/    *Jesse R. Binnall*
                                                     Jesse R. Binnall
                                                     THE BINNALL LAW GROUP, PLLC
                                                     717 King Street, Suite 200
                                                     Alexandria, Virginia 22314

Tel: (703) 888-1943
jesse@binnall.com

*Attorney for President Donald J. Trump and Donald J. Trump for President, Inc.*

## CERTIFICATE OF COMPLIANCE

Pursuant to and in compliance with Section II (D) of Judge John G. Koeltl's Individual Practices, I, Jesse R. Binnall, hereby certify that the foregoing Response to Plaintiff's Supplemental Memorandum of Law, exclusive of the cover page, table of contents, table of authorities, and this certificate of compliance, is 2046 words.

/s/     *Jesse R. Binnall*
Jesse R. Binnall

*Attorney for President Donald J. Trump and Donald J. Trump for President, Inc.*

## CERTIFICATE OF SERVICE

I certify that on August 23, 2024, a copy of the foregoing was filed with the Clerk of the Court using the Court's CM/ECF system, which will send a copy to all counsel of record.

/s/   *Jesse R. Binnall*
Jesse R. Binnall

*Attorney for President Donald J. Trump and Donald J. Trump for President, Inc.*