```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
---
EDMOND GRANT, ET AL.,
                    Plaintiffs,           20-cv-7103 (JGK)

        - against -                       <u>ORDER</u>

DONALD J. TRUMP, ET AL.,
                    Defendants.
---

JOHN G. KOELTL, District Judge:

   The defendants, former President Donald J. Trump and Donald J. Trump for President, Inc. ("the Campaign"), (collectively, "the defendants"), request to seal permanently portions of certain documents filed in connection with the plaintiffs' motion for summary judgment, including excerpts from the depositions of former President Donald J. Trump and Daniel J. Scavino, along with portions of a two-page email chain containing the name and contact information of a non-party to the suit. <u>See</u> ECF Nos. 110, 113. The defendants also request that references to the foregoing information in the plaintiffs' memorandum of law of law in support of its motion for summary judgment (ECF No. 105), the plaintiffs' statement of material facts (ECF No. 106), and the defendants' response to the plaintiffs' statement of material facts (ECF No. 116), remain under seal. <u>Id.</u>

   There is a presumption of public access to judicial documents under both common law and the First Amendment. <u>See</u>

Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119-20 (2d Cir. 2006). Judicial documents are documents that are "relevant to the performance of the judicial function and useful in the judicial process." Id. at 119 (quoting United States v. Amodeo, 44 F.3d 141, 145 (2d Cir. 1995). In considering a motion to seal, "the court must 'balance competing considerations against [the weight of the presumption of access].' Such countervailing factors include . . . 'the danger of impairing law enforcement or judicial efficiency' and 'the privacy interests of those resisting disclosure.'" Id. at 120 (quoting United States v. Amodeo, 71 F.3d 1044, 1050 (2d Cir. 1995)). "Documents may be sealed if specific, on the record findings are made demonstrating that closure is essential to protect higher values and is narrowly tailored to serve that interest." Id. (quoting In re New York Times Co., 828 F.2d 110, 116 (2d Cir. 1987).

The documents at issue in this case were submitted in connection with the plaintiffs' motion for summary judgment. They are thus judicial documents and presumptively publicly available. See id. at 121 ("[T]here is a presumption of access to documents submitted on a summary judgment motion."). The defendants have failed to demonstrate a compelling reason to seal permanently the deposition excerpts. To the extent the defendants invoke the Campaign's right to protect its inner workings from disclosure, the defendants' redactions are not

2

narrowly tailored to serve that interest. Moreover, the references do not include sensitive or confidential information about the internal operation of a political campaign. The only document that does contain confidential and private information subject to protection is Exhibit 18 to the Declaration of Brett Van Benthysen. That brief exhibit contains the name and email address of a third party whose identity and personal information is not relevant to this motion and whose privacy is entitled to protection.

Therefore, the defendants' request for the continued sealing of the contested documents is **denied** except with respect to Exhibit 18 to the Declaration of Brett Van Benthysen which should remain under seal. The Clerk is respectfully directed to close ECF Nos. 110 and 113.

SO ORDERED.
Dated:   New York, New York
         September 13, 2024

                                          /s/ John G. Koeltl
                                          John G. Koeltl
                                          United States District Judge